In the Matter of the Estate of MARGARET K. O'CONNOR, Deceased.

Surrogate's Court, Bronx County, July 3, 1931.

*Thomas F. Cohalan*, special guardian for the petitioner.

*Charles T. Rudershausen*, for the executor.

HENDERSON, S.   This application by the daughter of a deceased stepson of the testatrix to open the decree admitting the decedent's will to probate is based on the fact that the petitioner was not cited and did not appear in the probate proceeding.

The testatrix died on February 11, 1931, leaving her surviving no husband, no children and no representatives of a child and no other distributees as provided in the first thirteen subdivisions of section 83 of the Decedent Estate Law (as added by Laws of 1929, chap. 229).   She was survived, however, by two sons of her deceased husband and by the petitioner, the daughter of a deceased son of her deceased husband.   This son had also predeceased his father and the petitioner is, therefore, one of the next of kin of decedent's deceased husband.

The pertinent subdivisions of section 83 of the Decedent Estate Law, in effect at the time of the decedent's death, read as follows:

. " 14. If there be no husband or wife surviving and no children, and no representatives of a child, and no other distributees as hereinbefore provided, then the whole estate shall descend and be distributed to a surviving child of the husband or wife of the deceased, or if there be more than one, it shall descend and be distributed to them equally.

" 15. If there be no husband or wife surviving and no children, and no representatives of a child, and no other distributees, and no child or children of the husband or wife of the deceased, then the whole shall descend and be distributed equally to the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in article seven hereof."   (Subd. 15, as amd. by Laws of 1930, chap. 174.)

If the decedent had died intestate, her estate would have descended and been distributed to her two surviving stepsons equally.   (Dec. Est. Law, § 83, subd. 14; *Matter of Neukirchen* 186 N. Y. Supp. 240.)

Subdivision 14, with reference to the distributees of a decedent,

expressly joins with the words " no children " the words " and no representatives of a child." In providing for alternative descent and distribution it clearly and distinctly limits the same to a decedent's deceased spouse's surviving " child " and, if there be more than one such child, " to them equally," and no reference is made to the representatives of a child of the deceased spouse. There is nothing in that subdivision which can possibly require a different construction of the word " child," as therein defining the person to whom the estate descends or is distributed, from the established rule that the word " child " is always considered to have been used in its primary sense and to exclude a grandchild, in the absence of any indication of a contrary intent in the statute itself. (*Matter of Meng*, 227 N. Y. 264, 272; *Matter of Tone*, 186 App. Div. 361, 365; affd., 226 N. Y. 696.) That such is the only permissible construction of subdivision 14 is evidenced by the language used in subdivision 15, which provides for the further alternative descent and distribution of a decedent's estate to the next of kin of decedent's deceased spouse in the event that " no child or children " of the deceased spouse survive the decedent.

It is also urged that the petitioner is interested in this estate on the ground that, if the testatrix had died intestate, the petitioner would take by representation the share to which her father, if living, would have been entitled. This contention is negatived by the language of subdivisions 14 and 15, above quoted. Subdivisions 5, 6, 9 and 10 of the same section, which permit representation to descendants, brothers and sisters and their descendants, but which prohibit such representation among collaterals after descendants of brothers and sisters, if applicable at all to the next of kin of a deceased spouse under the definitive language used in subdivision 15, certainly do not apply where a child or children of the deceased spouse survive a decedent.

The petitioner would not be entitled to any share of this estate either directly or by representation, if the testatrix had died intestate (*Matter of Peer*, 138 Misc. 247, 251), and she was, therefore, neither a necessary nor a proper party to the proceeding for the probate of the decedent's will.

The application is denied, without costs. Settle order.