515 A.2d 359

Charles Hummer, Jr., and Deborah Hummer, h/w, et al., Appellants *v.* The Board of School Directors of the Wallingford-Swarthmore School District and The Wallingford-Swarthmore School District, Appellees.

Argued June 10, 1986, before Judges MACPHAIL and DOYLE, and Senior Judge ROGERS, sitting as a panel of three.

*Denis M. Dunn,* with him, *Joseph A. Damico, Jr., Petrikin, Wellman, Damico, Carney & Brown,* for appellants.

*David A. Gradwohl,* with him, *Gary D. Fry, Pelino & Lentz, P.C.* and *Martin R. Lentz,* Solicitor, for appellees.

OPINION BY JUDGE MACPHAIL, September 24, 1986:

Taxpayers (Appellants), who are residents of the Borough of Swarthmore and within the taxing jurisdiction of The Wallingford-Swarthmore School District (Merged District), appeal from an order of the Court of Common Pleas of Delaware County which sustained the demurrer of the Merged District and its Board of School Directors to the Appellants' complaint in equity. We affirm.

It appears from Appellants' complaint that in July of 1971, the Swarthmore-Rutledge Union School District and the Wallingford School District merged. Prior to the merger, the Swarthmore-Rutledge Union School District had become a local sponsor of the Community College of Delaware County (Community College) and by virtue of that action, became liable for a proportionate share of the capital expenses and operating costs of the Community College. Beginning with its first budget and continuing each year thereafter, the Merged District levied, imposed and collected a tax of 3.3 mills on all real estate property solely in the area comprising the former Swarthmore-Rutledge Union School District to pay the obligations of that former school district to the Community College.

Appellants' complaint avers that the Merged District has no authority to impose this separate tax[1] and re-

---

[1] Appellants have briefed the constitutional issue of lack of uniformity of the tax, citing Section 1 of Article VIII of the Constitution of the Commonwealth of Pennsylvania. The trial court declined to address that issue because the complaint did not assert that the tax was unconstitutional. It is noted in the brief of the Merged District that there is no indication in the record that Appellants complied with Pa. R.C.P. No. 235 which requires notice to the Attorney General where a litigant raises the issue of constitutionality of a statute. We hold that the trial court's refusal to address the constitutional issue under these circumstances was proper.

quests that the trial court enjoin the Merged District from levying and collecting the tax and that the Merged District be compelled to refund the tax as collected since 1971.

Preliminary objections filed by the Merged District included a demurrer, the equitable defense of laches, a petition raising the matter of jurisdiction based upon the Appellants' failure to exhaust statutory remedies, the defense of the non-joinder of the Community College and the State Board of Education as necessary parties and a motion for a more specific complaint. The trial court's memorandum opinion accompanying its order addressed only the demurrer.

The issue to be resolved in this case is whether the Merged District had the statutory authority to impose a tax for the support of the Community College solely upon real property in the Boroughs of Swarthmore and Rutledge while excluding therefrom real property in other parts of the Merged District. Our research reveals that this is a case of first impression for the appellate courts of this Commonwealth.

Although we fully appreciate the importance and complexity of this case as it draws into focus the relevant provisions of the Community College Act of 1963 (Act), Act of August 24, 1963, P.L. 1132, *as amended,* 24 P.S. §§5201-5214, repealed by the Act of July 1, 1985, P.L. 103[2] and the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§1-101—26-2607 and the Supplement thereto, Act of July 8, 1968, P.L. 299, 24 P.S. §§2400.1—2400.10, and particularly Section 10 of the Act, formerly 24 P.S.

---

[2] The Act was repealed three and one half months after the trial judge's opinion was filed. Similar provisions are now found in Sections 1901-A—1913-A of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of July 1, 1985, P.L. 103, 24 P.S. §§19-1901-A—19-1913-A.

§5210, now 24 P.S. §19-1909-A and Section 298 of the Code, 24 P.S. §2-298 and Section 9 of the Supplement, 24 P.S. §2400.9, we are well satisfied that Judge WILLIAM R. TOAL, JR. has accurately interpreted the relevant statutory provisions and has reached a just and equitable result.

We, accordingly, will affirm on the basis of Judge TOAL's opinion, reported at      Pa. D. & C. 3d (1985).

### ORDER

The order of the Court of Common Pleas of Delaware County dated March 13, 1985 and filed to No. 83-4412 in equity, is affirmed.