590 A.2d 838

In re Petition of the CITY OF CLAIRTON FOR COURT
APPROVAL OF ADDITIONAL ONE–HALF PERCENT
GENERAL PURPOSE EARNED INCOME TAX.

Appeal of U.S.W.A. Local No. 1557, Pat
Giles and Jerry Rowe, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.
Decided April 29, 1991.

William P. Smith, with him, Kerry R. McCann, Pittsburgh, for appellants.

David C. Allison, Clairton, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an appeal by the United Steel Workers of America Local Number 1557, Pat Giles, Jerry Rowe, et al (Appellants) from an order of the Court of Common Pleas of Allegheny County (common pleas court) granting approval of the City of Clairton's (Clairton) petition for approval of an additional one-half percent of general purpose earned income tax for the year 1990.

In October of 1987, Clairton requested the Department of Community Affairs (Department) to determine its eligibility as a distressed municipality [1] pursuant to the Financially

---

1. Clairton was unable to meet its budgetary obligations due to the steady decline in industry, employment and property value. Petition for Court Approval of Additional One-half Percent General Purpose Income Tax, paragraphs 2 and 3, Certified Record (C.R.).

Distressed Municipalities Act (FDMA).[2] The Department evaluated Clairton's financial stability and determined that it was financially distressed pursuant to the criteria enumerated in Section 201 of the FDMA, 53 P.S. § 11701.201. The Secretary of the Department appointed the Pennsylvania Economy League, Western District, as coordinator, to "prepare a plan addressing the municipality's financial problems." 53 P.S. § 11701.221(a). Clairton adopted the plan by ordinance[3] on July 25, 1988. Clairton amended the plan by enacting ordinance no. 1444 (ordinance) on December 31, 1988. The ordinance increased the tax rate from one percent to one and one-half percent on the earned income of residents and non-residents. Clairton sought approval for the tax increase pursuant to Section 123(c) of the FDMA, 53 P.S. § 11701.123(c).[4] The common pleas court granted approval of the tax increase for 1989.[5] Clairton again sought approval of the additional one-half percent tax on the earned income of residents and non-residents for the year 1990 and a hearing was scheduled on February 23, 1990.

At the hearing Appellants appeared, without having filed any pleading, and sought to intervene and challenge the constitutionality of the FDMA and Clairton's "enforcement

**2.** Act of July 10, 1987, P.L. 246, 53 P.S. §§ 11701.101–11701.501.

**3.** Ordinance No. 1437 imposed a tax of one percent on the earned income of the residents and non-residents of Clairton.

**4.** Section 123(c) relevantly provides:
> After a municipality has adopted a plan under Subchapter C of Chapter 2, it may petition the court of common pleas of the county in which the municipality is located to increase its rates of taxation for earned income, real property, or both, beyond maximum rates provided by law. If a tax increase above existing limits is granted by the courts, the increase shall be effective for a period of one year from the date a final plan is adopted by the governing body pursuant to section 245. Subsequent increases in rates of taxation may be granted by the court upon annual petition of the municipality.

53 P.S. § 11701.123(c).

**5.** The common pleas court also granted approval of an increase in the real estate tax from five mills to seven mills. Notes of Testimony, February 23, 1990 (N.T.), at 3. Clairton did not seek an additional increase in the real estate tax for the year 1990. N.T. at 3.

or in its enactment of that statute [ordinance] ... the way it goes about collecting it."[6]   N.T. at 7, 14.   The common pleas court precluded Appellants from challenging the constitutionality of the FDMA and the ordinance and determined that "the court's inquiry into the propriety of a proposed additional tax is narrow" and that "this limited inquiry does not include the separate question of how the tax is implemented."   Opinion of the Court of Common Pleas, June 13, 1990, at 2.

The common pleas court offered Appellants the opportunity to cross-examine Clairton's expert witness as to whether the additional increase in the earned income tax was necessary to meet the requirements of the approved budget. Appellants did not exercise their right to cross-examination but reserved their right "in light of the previous ruling that this may not be the proper forum to attack this tax."   N.T. at 36.   Appellants declined to present testimony.   The common pleas court approved Clairton's petition on February 23, 1990.   Appellants filed exceptions and the common pleas court denied the exceptions on March 22, 1990.   An appeal was filed from the order of February 23, 1990, approving the tax increase.

Appellants argue: 1) that the imposition of the one and one-half percent tax on the earned income of non-residents renders the ordinance unconstitutional;  2) that Section 123(c) of the FDMA is unconstitutional to the extent that it permits an increase in the tax on the income of non-residents;  3) that the common pleas court erred by refusing to allow testimony concerning the constitutionality of Section 123(c) of the FDMA and by refusing to consider whether the ordinance violates due process;  and 4) that the application of the ordinance to a select group of non-residents violates due process and equal protection under

6.   Appellants allege that Honorable I. Martin Wekselman of the Court of Common Pleas of Allegheny County previously denied a prior attempt to intervene as untimely in a 1989 hearing where Clairton sought approval of a one-half percent increase in the earned income. N.T. at 9.

the Pennsylvania Constitution and the United States Constitution.

■ We first note that Appellants have waived their arguments concerning the constitutionality of the FDMA because of their failure to notify the Attorney General of their constitutional challenge pursuant to Pa.R.C.P. 235 and Pa.R.A.P. 521. *See Butler v. Rolling Hill Hospital*, 382 Pa. Superior Ct. 330, 555 A.2d 205 (1989), *allocatur denied* 522 Pa. 623, 564 A.2d 915 (1989).

■ Appellants contend that, as non-residents, their only recourse is to challenge the ordinance in a court of law. Appellants argue that the court of common pleas is vested with the necessary authority to inquire into any alleged defects in the ordinance and its administration. It is Clairton's position that the common pleas court properly limited its review to the issue of whether the additional tax increase was necessary to meet the needs of the approved budget. Clairton argues that Section 123(c) and Section 141 of the FDMA, 53 P.S. §§ 11701.123(c) and 11701.141 prohibit the common pleas court from interfering in a municipality's legislative process.

In *Petition of City of Altoona v. Central Pennsylvania Retiree's Association Appeal*, 97 Pa.Commonwealth Ct. 637, 510 A.2d 868 (1986), the city of Altoona "adopted a budget ... which in the determination of the City Council, required an increase in the real estate tax rate above the twenty-five mill limit applicable to such tax" under Section 2531(4) of The Third Class City Code (Code), 53 P.S. § 37531(4).[7] *Id.*, 97 Pa.Commonwealth Ct. at 639, 510 A.2d at 869. Altoona petitioned the trial court for permission to impose the additional millage pursuant to Section 2531(5) of the Code, 53 P.S. § 37531(5). Altoona presented evidence to the trial court that without the additional 1.8 mills Altoona would experience a deficit. The trial court granted the increase. On appeal, the Retiree's Association contended that the phrase "upon due cause shown" in Section 2531(5) of the Code, 53 P.S. § 37531(5) required a "compelling

7. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39701.

necessity or ... unforeseen emergency" to trigger a request for additional millage. *Id.,* 97 Pa.Commonwealth Ct. at 640, 510 A.2d at 869. This Court noted "that the 'due cause' which would support the decision to impose this additional millage is no different than the 'due cause' which generally supports the decision to impose a particular tax rate by city council." *Id.,* 97 Pa.Commonwealth Ct. at 640, 510 A.2d at 870. In addition:

> While the statute gives the trial court the discretion to determine from the record whether due cause exists to warrant additional millage, it does not invite the court to examine the budget itself and review the wisdom of the legislative decision underlying its adoption. Such legislative decisions cannot be disturbed absent a clear abuse of discretion.

*Central Pennsylvania Retiree's Association Appeal,* 97 Pa.Commonwealth Ct. at 641, 510 A.2d at 870 (citations omitted).

In the present controversy Clairton complied with the applicable provisions of the FDMA before it sought approval for the tax increase. The Department determined that Clairton was a financially distressed community and a plan, consisting of factors listed in Section 241 of the FDMA, 53 P.S. § 11701.241, was implemented. Copies of the plan were delivered to the interested parties, notice published and a public meeting held to review the plan. 53 P.S. §§ 11701.242–11701.244. Clairton adopted the plan by enacting the ordinance. 53 P.S. § 11701.245. In order to meet the requirements of the 1990 approved budget Clairton petitioned the common pleas court for an increase of one-half percent on the earned income of residents and nonresidents. The exercise of the common pleas court's jurisdiction was "to hear a petition filed by a municipality which adopted a final plan ... to increase rates of taxation for earned income ... beyond maximum rates provided by law."[8] 53 P.S. § 11701.141. Like the trial court in *Central*

---

8. Section 8(3) of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. § 6908(3) provides that "[n]o taxes levied

*Pennsylvania Retiree's Association Appeal* the common pleas court in the present case was limited to determining the necessity of the increase and correctly ruled that the hearing on Clairton's petition for approval of an increase in the rate of taxation was not the appropriate forum to challenge the ordinance or its implementation.

The evidence of record supports the common pleas court's determination that the tax increase was necessary. At the hearing, Jeffrey Braun (Braun), municipal manager of Clairton, testified in support of the tax increase. Braun testified that Clairton experienced a decline in the assessed valuation of property "from about 54 million [dollars] ... in the mid 1970's to about 26 million [dollars] at the time that the recovery plan was adopted in 1988." N.T. at 30. Braun testified that "the collection rate for current property taxes dropped ... to about 83 percent, which in the recovery plan it was projected that the City would be collecting at about 92 percent." N.T. at 32. Braun opined that without the additional one-half percent in earned income tax Clairton would lose between three hundred thousand and three hundred and fifty thousand dollars in revenue resulting in a deficit in Clairton's budget by the end of the 1990 fiscal year. N.T. at 33. The record fails to reflect an abuse of discretion by Clairton.

Also, the common pleas court properly determined it was precluded from examining Clairton's budget or reviewing the legislative intent in enacting the ordinance. At the same time, the common pleas court stated there was a proper way to attack the ordinance and its implementation provided they proceeded timely and in accord with the appropriate rules of law and procedure.

Accordingly, we affirm the decision of the common pleas court.

under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section: ... (3) On wages, salaries, commissions and other earned income of individuals, one percent."

## ORDER

AND NOW, this 29th day of April, 1991, the order of the Court of Common Pleas of Allegheny County, at GD 90–2026, dated February 23, 1990, is affirmed.