625 A.2d 642

**Rose HILL and Williard Hill, Appellees,**

**v.**

**Nancy DIVECCHIO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1991.

Filed Feb. 12, 1993.

Reargument Denied April 26, 1993.

Victor E. Vouga, Butler, for appellant.

Before ROWLEY, President Judge, and KELLY and CERCONE, JJ.

Opinion PER CURIAM:

In this opinion we are called upon to determine whether the trial court properly found that a grandmother and step-grandfather have standing under 23 Pa.C.S.A. § 5312 of the Custody and Grandparents Visitation Act to maintain an action for partial custody and visitation where the child's custodial parent, who is the daughter and step-daughter of the parties bringing the action, had chosen not to allow her child to visit with the natural grandmother and step-grandfather.

Following a hearing, the trial court awarded the natural grandmother and step-grandfather visitation rights. We affirm the trial court's order awarding visitation rights in favor of the natural grandmother, but reverse the order as it pertains to the step-grandfather.

The relevant facts and procedural history are as follows. The mother lived with her mother and step-father until she married in 1981, at age 23. The mother and her husband (the father) separated and shortly thereafter, the mother discovered that she was pregnant. The mother and father reconciled briefly. The child was born on March 7, 1985.[1] The mother and father obtained a divorce in November of 1985. In April of 1986, the mother and the child moved to the grandmother's and step-grandfather's home and remained there until February of 1987. From February, 1987, until June, 1989, the grandparents had little contact with the child.

On June 13, 1989, the grandmother and step-grandfather filed a petition, in a custody action commenced by the father,[2] seeking grand-parental partial custody. A custody counselor held hearings and recommended that the grandmother and step-grandfather be awarded partial physical custody of the child. On December 3, 1990, the trial court issued an order adopting the custody counselor's recommendations. The mother filed exceptions to the findings and recommendations of the custody counselor and requested a hearing *de novo*.

In her status conference statement, the mother challenged the trial court's order. The mother argued that 23 Pa.C.S.A. § 5312 was unconstitutional. The mother also argued that the trial court erred in applying 23 Pa.C.S.A. § 5312 to the facts of this case. In her discussion of legal issues presented, the mother challenged the step-grandfather's standing to bring suit. The trial judge issued an order granting a hearing to be held on February 20, 1991. The trial court also awarded the

1. The father left Pennsylvania and returned to his family in Nevada.

2. On June 26, 1985, the father filed a complaint seeking partial custody or visitation. On August 16, 1985, the trial court entered an order awarding the father partial custody. The father resides in Las Vegas, Nevada. His custody rights are not in dispute.

grandmother and step-grandfather visitation with the child pending the outcome of the litigation.

On February 20, 1991, the trial court received evidence presented by the grandmother, step-grandfather and the mother. The child also testified. However, the trial court refused to address the issue of the constitutionality of 23 Pa.C.S.A. § 5312 due to the mother's failure to comply with Pa.R.Civ.P. 235 which requires a party to give notice to the Attorney General of Pennsylvania of a constitutional attack on a statute and file proof of giving such notice. After the close of evidence, that same day, the trial court determined that both the grandmother and step-grandfather had standing pursuant to 23 Pa.C.S.A. § 5312 and issued an order granting them partial custody. This timely appeal followed.

On appeal, the mother raises the following issues for our review:

I. WHETHER 23 Pa.C.S. § 5312 VIOLATES THE FOURTEENTH AMENDMENTS [sic] PROTECTION OF PARENTAL RIGHTS AS IT INTRUDES INTO THE PROTECTED AREA OF THE FAMILY WITHOUT A SHOWING OF A "COMPELLING STATE INTEREST."

II. WHETHER THE "BEST INTEREST OF THE CHILD" STANDARD MUST BE APPLIED WITHIN CONSTITUTIONAL CONFINES.

III. WHETHER 23 Pa.C.S. § 5312 UNCONSTITUTIONALLY SHIFTS THE BURDEN OF PROOF TO THE DEFENDANT.

IV. WHETHER 23 Pa.C.S. § 5312 VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT AND DISCRIMINATES AGAINST SINGLE, DIVORCED PARENTS.

Mother's Brief at 6.

At the outset, we must determine whether we are compelled to outrightly deny the mother's appeal due to her direct disobedience of the trial court's order instructing her to deliver the child for visitation to the grandmother and step-

grandfather. The mother's direct disobedience of the trial court's order forced the grandmother and step-grandfather to institute contempt proceedings. When the mother failed to appear at the contempt hearing, the trial court was compelled to issue a bench warrant for her arrest which is still outstanding at this time.

An order issued by a court with jurisdiction over the subject matter and the person must be obeyed by the parties until it is reversed by orderly and proper proceedings. *Philadelphia M.T. Assn. v. International Long. Assn.*, 453 Pa. 43, 49–50, 308 A.2d 98, 102 (1973); *Hutchison by Hutchison v. Luddy*, 417 Pa.Super. 93, 115, 611 A.2d 1280, 1292 (1992). Generally, where the disobedience of a court order is a flagrant one and where the appellant has been held in contempt or given an opportunity to present an excuse for the disobedience and the excuse is not acceptable, then a denial of an appeal should follow. *Commonwealth ex rel. Beemer v. Beemer*, 200 Pa.Super. 103, 107, 188 A.2d 475, 477 (1962). However, the Superior Court is not compelled to *sua sponte* quash an appeal when the appellant is in contempt of the trial court's order if a discussion of the merits of the case would provide edification to both bench and bar. *Fatemi v. Fatemi*, 371 Pa.Super. 101, 107, 537 A.2d 840, 843 (1988).

Instantly, as a threshold step, we must resolve the subject matter jurisdiction issue of whether the grandmother and step-grandfather had standing to assert a cause of action under 23 Pa.C.S.A. § 5312 against their own daughter or step-daughter before we may proceed to the merits of the mother's appeal. The resolution of this issue has significant importance to both bench and bar. It is of particular importance, in light of the fact that all prior discussions of similar issues by this Court have maintained that an action cannot be asserted by a grandparent against his or her own son or daughter. *See Herron v. Seizak*, 321 Pa.Super. 466, 468 A.2d 803 (1983) (grandparents lack standing where both parents are present and object to visitation); *Gradwell v. Strausser*, 416 Pa.Super. 118, 610 A.2d 999 (1992) (maintaining that the statutory rights created under 23 Pa.C.S.A. § 5311 through 5313 provide a

means for grandparents or great-grandparents, on the non-custodial side, to guard against potential estrangement). Thus, we will permit the appeal to proceed despite the mother's contemptuous disobedience of the trial court's February 20, 1991 order and first consider whether the trial court had subject matter jurisdiction to entertain the grandmother's and step-grandfather's petition for visitation and/or partial custody.[3]

As a general matter, the question of standing is distinguishable from that of subject matter jurisdiction. However, under some statutes, the issue of standing becomes interwoven with that of subject matter jurisdiction. When a statute creating a cause of action includes the designation of who may sue, then standing becomes a jurisdictional prerequisite to an action. *See, e.g., Sutton v. Miller,* 405 Pa.Super. 213, 222–23, 592 A.2d 83, 87–88 (1991) (where statute creating cause of action specifies that only a "plaintiff in possession" may sue to compel an adverse party to commence an action of ejectment, plaintiff's possession of property becomes jurisdictional prerequisite to bringing action). *See also Maxson v. McElhinney,* 370 Pa. 622, 88 A.2d 747 (1952); 3 Pa.Std.Prac. § 14:11 (when a statute creates a cause of action, the person or persons so designated are the only proper plaintiffs).

The statute in the instant case, 23 Pa.C.S.A. § 5312 (hereinafter "Grandparents Visitation Act"), both creates a cause of action and designates the parties who may bring suit under its provisions. In reading the language of the statute, we keep in mind the basic tenet of statutory construction which requires a court to construe the words of a statute according to their plain meaning. 1 Pa.C.S.A. § 1903(a); *Commonwealth v. Stanley,* 498 Pa. 326, 335, 446 A.2d 583, 587 (1982); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.,* 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the

3. It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte. Barndt v. Barndt,* 397 Pa.Super. 321, 325, 580 A.2d 320, 322 (1990).

spirit of the statute. 1 Pa.C.S.A. § 1921(a). Keeping these principles in mind, we will now review the Grandparents Visitation Act, which contains the following pertinent language:

In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter or when parents have been separated for six months or more, the court may, *upon application of the parent or grandparent of a party,* grant reasonable partial custody, visitation rights, or both, to the unmarried child if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application.

23 Pa.C.S.A. § 5312.

Previous decisions of this court interpreting the Grandparents Visitation Act would indicate ostensibly that only the parents of the *non-custodial* parent have standing to bring suit for visitation or partial custody under the Grandparents Visitation Act. Upon closer inspection, however, these cases are readily distinguishable from the instant situation. In *Herron v. Seizak, supra,* grandparents filed an action seeking visitation with their grandchild under the provisions of section 5312. This court opined that the Grandparent Visitation Act gives grandparents a right to seek partial custody or visitation in situations in which:

*one* parent was unable to see that her parents had a chance to get to know their grandchild. The interference by the court [in the parent's decision whether the child would see the grandparent or not] was justified by the absence of that parent, who if she were present, could assure access of the child to the grandparent.

*Herron v. Seizak,* 321 Pa.Super. at 470, 468 A.2d at 805. Although this statement seemingly limits standing to the parents of the non-custodial parent, the facts in *Herron* are distinguishable from those in the present case.

First, the grandchild in *Herron* resided with both parents, who were *not* divorced or involved in dissolution proceedings, a prerequisite of maintaining an action under the plain language of 23 Pa.C.S.A. § 5312. Reiterating the requirements of the Grandparents Visitation Act, we stated:

> The [Act] provides visitation rights to grandparents upon a finding by the court that visitation would be in the best interests of the child. The Act provides this right only in three circumstances: (1) when a parent is deceased; (2) *when parents' marriage is dissolved;* and (3) when the child has resided with the grandparents for a period of 12 months or more.

*Herron v. Seizak,* 321 Pa.Super. at 469, 468 A.2d at 805. Accordingly, we held that the grandparents had not stated a cause of action upon which relief could be granted:

> [A]ppellants in the instant appeal would have the court direct parents, both of whom have chosen not to have their children visit the grandparents, to permit such visitation. *Nothing in the statutory law legitimizes such an intrusion by the courts into family life.*

*Id.* at 470, 468 A.2d at 805 (emphasis added). Therefore, because (1) both parents were alive; (2) the parents were not involved in dissolution proceedings; and (3) the child has not resided with the grandparents for more than one year, the plain language of the statute clearly and unambiguously precluded the action. Thus, any discussion in *Herron* of the statute's intent or spirit was purely dicta.

Likewise, our recent holding in *Gradwell v. Strausser, supra,* fails to resolve the question before us. In that case, the maternal grandparents sought legal custody of their grandchild and brought suit under the similar provisions of 23 Pa.C.S.A. § 5313.[4] At the time the action was commenced,

---

4. Section 5313 provides:

> If an unmarried child has resided with his grandparents or great-grandparents for a period of twelve months or more and is subsequently removed from the home by his parents, the grandparents or great-grandparents may petition the court for an order granting them reasonable partial custody or visitation rights, or both, to the child. The court shall grant the petition if it finds that visitation rights

the child resided with her paternal grandfather, Luther Strausser (Luke), pursuant to a temporary court order. However, legal custody remained with her parents. The parents filed an answer and new matter requesting both legal and physical custody. Throughout the duration of the action, the parents were not divorced or involved in dissolution proceedings. After a hearing, the trial court vacated its prior temporary order and entered a new order temporarily transferring legal and physical custody of the child to her parents. Subsequently, the maternal grandparents and Luke filed a motion requesting that "testimony be taken and that the agency rendering family counseling to the parties report on the parents' status." *Id.* 416 Pa.Super. at 122, 610 A.2d at 1001. Following a conference, the trial court granted the parents' motion to dismiss the proceedings.

Both the maternal grandparents and Luke appealed the trial court's order. Confusing the requirements to maintain an action for custody with those for partial visitation or partial custody, Luke argued that he had overcome the natural parents' prima facie right to *custody* because, pursuant to 23 Pa.C.S.A. § 5313, he resided with the child for close to two years, a prerequisite for maintaining an action under § 5313. Initially, we reviewed the "intent" of the Grandparents Visitation Act by stating:

> [T]he statutory rights created under section[s] 5311–5313 provide a means for grandparents or great-grandparents on the non-custodial side to guard against potential estrangement ... that might occur after one parent dies, or after the parents separate or divorce and custody of the child is with one parent.

*Gradwell v. Strausser,* 416 Pa.Super. at 128, 610 A.2d at 1004. However, we declined to address whether Luke met the statutory requirements to seek relief under its provisions. In this regard, we stated:

> would be in the best interest of the child and would not interfere with the parent-child relationship.
> 23 Pa.C.S.A. § 5313.

> The [Grandparents Visitation Act], however, speaks to *partial custody* or *visitation;* it does not provide a right of action for custody. We find, therefore, that section 5313 is not applicable to the matter before us. The complaint, though captioned "Complaint for Visitation," sought physical and legal custody in the prayer for relief. The trial judge disposed of this matter as a custody dispute, and consequently the appellants have argued the case on appeal as such.

*Id.* (emphasis in original). In light of the foregoing, we held that the trial court properly concluded that the grandparents had no standing to seek *custody* of the child, and affirmed the order of the trial court. Because we did not resolve the issues presented under the Grandparents Visitation Act in *Gradwell,* our discussion of the purpose and spirit of the Act was purely dicta and has no bearing on the matter presently before us.

■ Our review of the language of 23 Pa.C.S.A. § 5312 convinces us that it is both clear and unambiguous. The *"grandparents"* of a child whose parents are divorced or involved in dissolution proceedings may maintain an action for partial visitation or partial custody. The legislature did not limit standing to the parents of only the non-custodial parent. Because we are not free to disregard the plain language of the statute in order to pursue its spirit, we conclude that the grandmother in the instant case has standing to pursue visitation or partial custody under section 5312. However, the unambiguous words of the statute which state "upon application of the parent or grandparent of a party" preclude the mother's step-father, the child's step-grandfather, from asserting a cause of action for visitation and/or partial custody in conjunction with the child's natural grandmother and he must be dismissed as a party to this lawsuit. *See Sharah's Estate,* 49 Pa.C.C. 649, 68 P.L.J. 757 (1920) (where step-children are of the blood of the husband, who had no estate to distribute, they do not come within the class of next of kin to the wife and would not be entitled to any share in the distribution of her estate); *In re Estate of Humphrey,* 254 F.Supp. 33 (1966), *reversed sub. nom., Humphrey v. Tolson,* 384 F.2d 987

(D.C.Cir.1966) (under District of Columbia statute abolishing common-law distinction between kindred of whole and half blood, a step-child may inherit from a step-parent who dies intestate); *Estate of Davis,* 107 Cal.App.3d 93, 165 Cal.Rptr. 543 (1980) (where decedent was survived by issue, his unadopted step-children were not entitled to share in his intestate estate); *In re O'Connor's Will,* 140 Misc. 757, 251 N.Y.S. 686 (1931) (daughter of testatrix's deceased step-son held not "interested" in estate, hence not "necessary" or "proper party" in probate of will).

Next, we will proceed to consider the four issues raised by the mother questioning the constitutionality of 23 Pa.C.S.A. § 5312. These issues were first raised in the exceptions she filed on December 17, 1990 to the recommendations of the custody counselor in conjunction with her request for a hearing *de novo* before the trial court. Upon consideration of the mother's exceptions, the trial court directed that a status conference be held on January 4, 1991. The issue of the constitutionality of 23 Pa.C.S.A. § 5312 was once again raised by the mother in her status conference statement filed with the trial court on January 4, 1991. However, the record indicates that the mother never filed Pa.R.Civ.P. 235 notice with the Attorney General's Office alerting it to the fact that she intended to question the constitutionality of 23 Pa.C.S.A. § 5312 at the hearing *de novo.* Because of the mother's failure to comply with Pa.R.Civ.P. 235,[5] the trial court refused

5. **Pa.R.Civ.P. 235. Notice to Attorney General. Constitutionality of Statute**

In any proceeding in a court subject to these rules in which an Act of Assembly is alleged to be unconstitutional and the Commonwealth is not a party, the party raising the question of constitutionality shall promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and shall file proof of the giving of the notice. The Attorney General may intervene as a party or may be heard without the necessity of intervention. The court in its discretion may stay the proceedings pending the giving of the notice and a reasonable opportunity to the Attorney General to respond thereto. If the circumstances of the case require the court may proceed without prior notice in which event notice shall be given as soon as possible; or the court may proceed without waiting action by the Attorney General in response to a notice.

to address the mother's constitutional challenges to 23 Pa. C.S.A. § 5312.

 An appellate court will not consider a challenge to the constitutionality of a statute if the issue has not been raised in the court below or if no notice has been given to the Attorney General. *In re Adoption of Christopher P.*, 480 Pa. 79, 389 A.2d 94 (1978). The proper method to attack the constitutionality of a statute in a civil case is to plead the issue and give notice to the Attorney General as required by Pa.R.Civ.P. 235. *Irrera v. Southeastern Pennsylvania Transp. Authority*, 231 Pa.Super. 508, 331 A.2d 705 (1974). The trial court's refusal to address a constitutional issue is proper where there is no indication in the record of compliance with Pa.R.Civ.P. 235 requiring notice to the Attorney General where the litigant raises the issue of the constitutionality of a statute. *Hummer v. Board of School Directors*, 101 Pa.Cmwlth. 16, 18, 515 A.2d 359, 361 (1986). If the litigant raising the constitutionality of a statute fails to notify the Attorney General pursuant to Pa.R.Civ.P. 235 and Pa.R.A.P. 521, the claim is barred. *Kepple v. Fairman Drilling Co.*, 532 Pa. 304, 312–314, 615 A.2d 1298, 1303 (1992); *Faust v. Messinger*, 345 Pa.Super. 155, 159, 497 A.2d 1351, 1353 (1985). *See also Petition of City of Clairton*, 139 Pa.Cmwlth. 354, 357, 590 A.2d 838, 840 (1991), *citing Butler v. Rolling Hill Hospital*, 382 Pa.Super. 330, 555 A.2d 205 (1989), *allocatur denied*, 522 Pa. 623, 564 A.2d 915 (1989).

 Instantly, the mother initially failed to apprise the Attorney General's Office pursuant to Pa.R.Civ.P. 235 of her planned challenges to the constitutionality of 23 Pa.C.S.A. § 5312, first upon the filing of her exceptions to the custody counselor's recommendations and then before the commencement of the hearing *de novo* on February 20, 1991. Therefore, the trial court properly refused to address these improperly raised constitutional claims. *See Keiserman v. Springfield Twp.*, 99 Montg. 312 (1975) (the question of the constitutionality of a statute may not be determined unless proper

Note: By definition Rule 76, registered mail includes certified mail. Amended March 11, 1991, effective July 1, 1991.

notice is given to the attorney general); *Speece v. Lebanon Parking Authority*, 65 Pa.D. & C.2d 408 (1974) (an act of the General Assembly ought never be pitted in combat with the constitution unless manifestly necessary and all procedural steps thereto properly taken).

On appeal, the mother has attempted to resurrect her procedurally flawed constitutional challenges to 23 Pa.C.S.A. § 5312 by belatedly giving notice to the Attorney General's Office pursuant to Pa.R.A.P. 521 [6] after the trial court refused to address her constitutional challenges to the statute. This we cannot permit.

This is not a case where the constitutional challenges to the statute arose in the middle of the trial and the Attorney General's Office was promptly notified of the constitutional challenges to the statute upon the filing of the appeal pursuant to Pa.R.A.P. 521. *See Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979) (plurality); *Dranzo v. Winterhalter*, 395 Pa.Super. 578, 577 A.2d 1349 (1990). Here, the mother initially pled her planned challenges to the constitutionality of 23 Pa.C.S.A. § 5312 in both her exceptions to the custody counselor's recommendations and in her status conference statement to the trial court before the hearing *de novo*. Accordingly, the mother had ample opportunity to comply with Pa.R.Civ.P. 235 and alert the Attorney General's Office to her planned constitutional challenges before the hearing *de novo* occurred. Thus, the mother's failure to comply with Pa.R.Civ.P. 235 will not be excused by a belated notice filing under Pa.R.App.R. 521(a), and we are constrained to find her constitutional challenges to 23 Pa.C.S.A. § 5312 waived on appeal. *See Wynnewood Civic Ass'n v. Board of Adjustment*,

6. **Pa.R.A.P. 521(a). Notice to Attorney General of Challenge to Constitutionality of Statute.**

 (a) **Notice.** It shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.

406 Pa. 413, 179 A.2d 649 (1962) (a question not properly raised in the court will not be considered on appeal even though the question to be raised involves a constitutional issue). *See also Corabi v. Curtis Publishing Co.,* 437 Pa. 143, 262 A.2d 665 (1970); *Brunswick Corp. v. Key Enterprises Inc.,* 431 Pa. 15, 244 A.2d 658 (1968) (questions raised by appellant which were not properly raised in the court below will not be considered on appeal).

Based upon the foregoing analysis, the trial court's order awarding partial custody and visitation rights to the grandmother is affirmed; however, the trial court's order as it pertains to the step-grandfather is reversed as the step-grandfather lacked standing under 23 Pa.C.S.A. § 5312 to be a party to this lawsuit.

Order affirmed in part and reversed in part.