633 A.2d 1214

**Thersa M. (Wells) VAN COUTREN**

v.

**John J. WELLS, II, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1993.

Filed Nov. 3, 1993.

Arthur W. Boyce, Maryland, for appellant.

Darryl Cunningham, York, for appellee.

Before DEL SOLE, FORD ELLIOTT and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order ruling that Appellant, the paternal grandfather of the subject children,

does not have standing to seek general physical custody of them, and directing that he transfer custody to the children's mother at the end of the school year. We affirm.

Appellee is the mother of three minor children, born in 1977, 1979 and 1984, who are the subject of the instant custody proceeding. Appellee was married to Appellant's son until their divorce in 1988. Custody of the children was awarded to mother and they resided with her until May of 1991 when they went to live with their father. Sadly, the children's father, Appellant's son, became seriously ill. The father then moved his children with him to his mother's home in New York.[1] In late June of 1992, Appellee learned of this move and on June 29, 1992, through her counsel she wrote to father requesting an opportunity to see the children and for their return if father's illness proved fatal. Father died on July 7, 1992. After mother was told of his death a few days later she traveled to New York but was denied access to her children.

A custody action was promptly begun by mother, but a separate custody action was instituted in New York by the children's paternal grandfather, Appellant, who alleged in his petition that the children had resided with him since the death of their father. Following hearings on jurisdictional issues, the New York court remanded the matter to Pennsylvania for resolution. Preliminary to a full custody hearing, the trial court found that the children's grandfather did not allege that the children were dependent. Nor did he establish, according to the trial court, that he was in loco parentis, since the children resided with him only following the father's death in opposition to mother's demand for their return. Accordingly the court ruled that under these facts and the recent decision of *Gradwell v. Strausser*, 416 Pa.Super. 118, 610 A.2d 999 (1992), the grandfather lacked standing to seek general custody. His appeal of this decision is presently before us.

In *Gradwell* the maternal grandparents sought legal custody of their granddaughter from the child's natural parents and

---

1. The children's paternal grandmother, Florence Wells, was divorced from Appellant at this time. Appellant was remarried and living with his present wife, Victoria Wells.

against the paternal grandfather who had physical custody of the child pursuant to a temporary order. The court ruled that the grandparents had no standing to seek custody of the child. It noted that Sections 5311, 5312 and 5313 of the Domestic Relations Code, 23 Pa.C.S. §§ 5301 *et seq.*, provide grandparents and great-grandparents with a right of action for partial custody or visitation under certain circumstances, which include the death of a parent, 23 Pa.C.S. § 5311. However, the court ruled that this statute provides a right of action only for partial custody or visitation under certain circumstances; "it does not provide a right of action for custody." *Id.* at 128, 610 A.2d at 1004. The court thus concluded that the grandparents lacked standing to seek custody of the child. *See Hill v. Divecchio*, 425 Pa.Super. 355, 625 A.2d 642 (1993).

 Custody disputes between parties, other than parent versus parent, are characterized as "third party" disputes. In *Re Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648 (1977). "Absent a prima facie right to custody, a third party lacks standing to seek custody as against the natural parent." *Rosado v. Diaz*, 425 Pa.Super. 155, 624 A.2d 193 (1993) This is so because a parent's prima facie right to custody should not be subject to challenge without a clear and convincing showing that the child is not receiving proper parental care. This may properly be done through a dependency proceeding. *Gradwell v. Strausser, supra.* Thus, the appropriate manner for a "third party" to obtain custody of a child is through a dependency proceeding. *Id.*

One exception exists to the above stated principle, that is where there is proof that a party stands in loco parentis to the child.

> The phrase 'in loco parentis' refers to a person who puts himself[/herself] in the situation of assuming the obligation incident to the parental relationship without going through the formality of a legal adoption. The status of 'in loco parentis' embodies two ideas: first, the assumption of a parental status, and second, the discharge of parental duties.

*Rosado v. Diaz,* 425 Pa.Super at 161, 624 A.2d at 196, *citing Commonwealth ex rel. Morgan v. Smith,* 429 Pa. 561, 241 A.2d 531, 533 (1968).

Appellant herein acknowledges that he does not enjoy loco parentis status because he did not care for the children prior to their father's death, Appellant's Brief at 13. Nevertheless he maintains that he has standing by virtue of the fact that mother agreed father could have custody, that father, who was the custodial parent at the time of his death, named Appellant the legal guardian of the children under the terms of his last will and testament, and that the children have resided with Appellant since their father's death. Appellant also maintains that the provisions of Pa.R.C.P. 1915.6, 42 Pa.C.S.A., and 23 Pa.C.S.A. § 5351, which speak to the joinder of parties support his position.

█ Rule of Civil Procedure 1915.6 directs, as does 23 Pa.C.S.A. § 5351, that a party who has physical custody of a child be joined as a party in any custody proceeding involving the child. And, although such a person may file, a counterclaim for custody, partial custody or visitation, *See* Pa.R.C.P. 1915.6(a)(3), these provisions do not grant a party standing to *seek* custody, where such standing would not otherwise exist. Thus although a person who has physical custody of a child who is the subject of a custody dispute must be joined as a party to the action, it remains that this third party lacks standing to seek custody as against a natural parent unless there is a prima facie right to custody.

█ Appellant argues that he has a prima facie right to custody since he was named by the terms of the custodial parent's will as the children's guardian. We disagree. As was stated in *Rosado v. Diaz, supra.* The "exception to this third-party-lack-of-standing-preclusion is proof that such a 'party stands in loco parentis.'" 425 Pa.Super. 151, 624 A.2d at 195. It is only this loco parentis status which grants a third party a prima facie right to custody sufficient to maintain standing in a custody action against a natural parent. As we have stated no such claim was made here.

The designation of Appellant as the children's guardian in the father's will has no bearing on his standing in this matter. The ability to name a guardian of one's children is governed by 20 Pa.C.S.A. § 2519. It provides in relevant part:

(a) **Guardian of the person.**—A person competent to make a will, *being the sole surviving parent or adopting parent* of any unmarried minor child, may appoint a testamentary guardian of the person of such child during his minority ...

The statute allowing for the appointment of a testamentary guardian, speaks only to a situation where there is only one surviving parent. The children in this case, thankfully, did not lose both parents. Their mother is alive, willing to care for them, and there has been no allegation made that she is unable to perform this duty or that the children are dependent.

Under the circumstances of this case where the children's natural mother seeks custody and where the children's grandfather does not stand in loco parentis to the children, and no dependency action is proceeding, the trial court did not err in dismissing the grandfather's claim for general custody on the basis of a lack of standing.

Judgment affirmed.