J-S22003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A.M.H. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.K., M.K., JR., J.E., AND P.E. | |
| | No. 1842 MDA 2015 |

Appeal from the Order Entered September 21, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2014-00115

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED APRIL 18, 2016**

Appellant, A.M.H. (Adoptive Mother) appeals from the September 21, 2015 order denying her petition to modify custody and petition for special relief.  In her petitions, Adoptive Mother requested that the trial court eliminate or reduce the partial physical custody rights of Appellees, J.E. and P.E. (Maternal Grandparents), with respect to Adoptive Mother's minor niece and adopted daughter, A.K.  After careful review, we vacate and remand with instructions.

A.K. was born in June 2011.  Tragically, both of A.K.'s biological parents passed away as a result of unrelated drug overdoses.  A.K.'s biological mother, R.E., died in December 2012, and A.K.'s biological father,

_____

[*] Retired Senior Judge assigned to the Superior Court.

D.K., died in January 2014.[1]  On May 1, 2014, Adoptive Mother, A.K.'s paternal grandparents, J.K., and M.K., Jr. (Paternal Grandparents), and Maternal Grandparents, entered into a custody agreement, whereby Adoptive Mother was awarded primary physical custody and sole legal custody of A.K.  Both Paternal Grandparents and Maternal Grandparents were awarded periods of partial physical custody.  The parties' custody agreement was made an order of court on May 14, 2014.  Adoptive Mother subsequently adopted A.K.[2]

On July 21, 2015, Adoptive Mother filed a petition to modify custody, in which she sought to eliminate Maternal Grandparents' periods of partial physical custody.  In the alternative, Adoptive Mother requested that Maternal Grandparents' periods of partial physical custody be reduced to supervised physical custody only.[3]  Adoptive Mother also filed a petition for special relief that same day, in which she requested that Maternal Grandparents' custodial rights be immediately ended pending further order of court.  A custody hearing was held on September 21, 2015, during which

---

[1] Adoptive Mother is D.K.'s sister.

[2] The record does not indicate when this adoption took place.  The trial court states in its opinion that A.K. was adopted in December 2014.  Trial Court Opinion, 12/2/15, at 2 (unpaginated).

[3] Adoptive Mother did not attempt to reduce the partial physical custody rights of Paternal Grandparents.  Paternal Grandparents have not filed a brief in this matter.

the trial court heard the testimony of A.K.'s therapist, Charmarie Bisel; Adoptive Mother; paternal grandmother, J.K.; Maternal Grandparents; maternal aunt, H.M.; and Maternal Grandparents' niece, T.P. That same day, following the hearing, the trial court entered its order denying the petition to modify, denying the petition for special relief, and instructing the parties to comply with the prior custody order of May 14, 2014. Adoptive Mother timely filed a notice of appeal on October 20, 2015, along with a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).

On appeal, Adoptive Mother raises the following issues for our review.

> [1.] Whether the [t]rial [c]ourt lacked subject matter jurisdiction to enter its order dated September 21, 2015?
>
> [2.] Whether the [t]rial [c]ourt [c]ommitted an [a]buse of [d]iscretion and [e]rred as a [m]atter of [l]aw when it entered its September 21, 2015 custody order without considering all of the mandatory § 5328 custody factors?

Adoptive Mother's Brief at 3.

We consider these issues mindful of our well-settled standard of review.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed

- 3 -

and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S.A. § 5328(a).

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

- 4 -

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Instantly, Adoptive Mother's first claim on appeal is that the trial court lacked subject matter jurisdiction to enter the September 21, 2015 custody order. Adoptive Mother's Brief at 3, 7-15. Adoptive Mother relies on Section 5326, which provides as follows.

> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) to a grandparent or great-grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent shall be automatically terminated upon such adoption.

23 Pa.C.S.A. § 5326.

Adoptive Mother contends that her adoption of A.K. eliminated the existing custody rights of Maternal Grandparents, and eliminated Maternal Grandparents' standing to seek custody rights in the future. Adoptive Mother's Brief at 3-4, 7-8, 14-15. Adoptive Mother asserts that issues of standing and subject matter jurisdiction become intertwined when a statute directs who may sue. *Id.* at 11-12, *citing **Grom v. Burgoon**,* 672 A.2d 823, 824-25 (Pa. Super. 1996); ***Hill v. Divecchio***, 625 A.2d 642, 645 (Pa.

Super. 1993), *appeal denied*, 645 A.2d 1316 (Pa. 1994). Therefore, according to Adoptive Mother, Maternal Grandparents' lack of standing indicates that the trial court also lacked jurisdiction to award partial physical custody of A.K. to Maternal Grandparents. *Id.* at 3-4, 7-8, 15.

We conclude that Adoptive Mother has failed to preserve this claim for our review. Initially, we observe that Adoptive Mother's present claim does not raise an issue of subject matter jurisdiction. Adoptive Mother is correct that several past opinions of this Court's have espoused the notion that subject matter jurisdiction and standing become intertwined when a statute instructs who may sue. However, our Supreme Court rejected this proposition in *In re Nomination Petition of deYoung*, 903 A.2d 1164 (Pa. 2006), in which it stated, "[t]his Court has never adopted the reasoning regarding standing intertwined with subject matter jurisdiction … and we specifically renounce it here." *deYoung*, *supra* at 1168 n.5; *accord In re Adoption of Z.S.H.G.*, 34 A.3d 1283, 1288-89 (Pa. Super. 2011). Even assuming that Adoptive Mother is correct that Maternal Grandparents lack standing pursuant to Section 5326, their alleged lack of standing would not deprive the trial court of subject matter jurisdiction.

Further, because Adoptive Mother's first claim does not raise an issue of subject matter jurisdiction, it was necessary for Adoptive Mother to properly preserve that claim in the trial court. Our review of the record reveals that Adoptive Mother has failed to do so. Adoptive Mother did not

raise any issue with respect to Section 5326 until she filed her Rule 1925 statement on October 20, 2015. Thus, Adoptive Mother has waived her claim by raising it for the first time on appeal, and we express no opinion with regard to the applicability of Section 5326 to the instant matter. **See** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

Adoptive Mother's second claim is that the trial court erred by failing to consider the Section 5328(a) factors. Adoptive Mother's Brief at 15-16. Adoptive Mother observes that the trial court not only failed to address any of the Section 5328(a) factors, but the trial court also failed to set forth its assessment of those factors prior to the time that Adoptive Mother was required to file her notice of appeal. **Id.** at 16. We agree.

It is well-settled that the Child Custody Act requires courts to consider each of the Section 5328(a) factors when "ordering any form of custody." 23 Pa.C.S.A. § 5328(a). "Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient." **S.W.D.**, **supra** at 401, *citing* **C.B. v. J.B.,** 65 A.3d 946, 950 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). A court must "set forth its mandatory assessment of the sixteen factors prior to the deadline by which a litigant must file a notice of appeal." **C.B.**, **supra** at 955.

> In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the

custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with [the Child Custody Act].

*A.V. v. S.T.*, 87 A.3d 818, 823 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, it is clear that the trial court was required to consider the Section 5328(a) factors. However, the trial court failed to address these factors during the custody hearing, or in the subject custody order. While the trial court ultimately did file a written opinion, that opinion also failed to address the relevant factors.

Maternal Grandparents argue that it was not necessary for the trial court to consider the Section 5328(a) factors, because the trial court did not enter a new custody order, but only ordered that the parties comply with their previous custody agreement. Maternal Grandparents' Brief at 11. We disagree with Maternal Grandparents' interpretation of the Child Custody Act.

This Court has explained that consideration of the Section 5328(a) factors is necessary when a court denies a petition to modify custody, and orders the parties to comply with an existing custody order. *See S.W.D.*, *supra* at 406. In such cases, the key question is whether the petition to modify requests a change to the underlying form of custody. *See id.* (stating, "[e]ven if the trial court only reaffirmed its prior order, it nonetheless was ruling upon a request to change the form of physical

custody and, therefore, bound to decide whether the prior order remained in [the c]hild's best interest[]").  Here, the trial court was asked to rule on Adoptive Mother's request to eliminate Maternal Grandparents' periods of partial physical custody, or to reduce those periods to supervised physical custody only.  Thus, pursuant to **S.W.D.**, the court was required to address each of the Section 5328(a) factors.

Based on the foregoing, we conclude the trial court erred when it entered the order in question without considering the Section 5328(a) custody factors.  Accordingly, the trial court's September 21, 2015 order is vacated, and the case is remanded for the preparation of a new order and opinion.  On remand, the trial court is instructed to hold further proceedings, if necessary, and to issue a new order and opinion within forty-five days of the date of this memorandum.

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2016

- 10 -