468 A.2d 803

**Laverne D. HERRON and Frances E. Herron, His Wife, Appellants,**

v.

**Patrick SEIZAK and Mona Seizak, His Wife.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1983.

Filed Dec. 2, 1983.

Petition for Allowance of Appeal Denied April 25, 1984.

Sanford S. Finder, Washington, for appellants.

Oliver N. Hormell, California, for appellees.

Before BROSKY, McEWEN, and BECK, JJ.

BROSKY, Judge:

This action was initiated by appellants who are the parents of appellee, Mona Seizak and the grandparents of Patricia Mae Seizak. Appellants seek a court order directing appellees to permit them to visit with the appellees' daughter, Patricia Mae Seizak, who was three years of age when the complaint was filed. Patricia resides with her parents who are married to each other. The lower court sustained preliminary objections raised by appellees and dismissed the complaint. We affirm.

Our research has disclosed no cases in Pennsylvania in which our courts have addressed the factual situation present in this case [1] in which the grandparents of a child being with both of her natural parents seek to visit the child over the objection of the child's parents.

■ It is well established that preliminary objections in the nature of a demurrer should be sustained and a complaint dismissed only in cases which are clear and free from doubt. *Harkins v. Zamichieli,* 266 Pa.Super. 401, 405 A.2d 495 (1979).

In *Harkins, supra,* we explained further:

To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff.

*Id.,* 266 Pa.Superior Ct. at 404, 405 A.2d at 497. (citations omitted).

The relevant assertion in appellant's complaint is found in paragraph 14 which states:

The best interest and permanent welfare of the child will be served by granting the relief requested because the child will be hurt psychologically if she is permitted to grow up knowing that her parents forbid her to visit with her maternal grandparents and knowing that she is not permitted to speak to them when they telephone.

■ In custody and visitation disputes the paramount consideration by the courts is the best interests of the child. *Morris v. Morris,* 271 Pa.Super. 19, 412 A.2d 139 (1979); *Commonwealth ex rel. Cutler v. Cutler,* 246 Pa.Super. 82, 369 A.2d 821 (1977).

The best interests test has been applied in cases in which grandparents have sought visitation or partial custody. See *Commonwealth ex rel. Williams v. Miller,* 254 Pa.Super. 227, 385 A.2d 992 (1978) (parents divorced, mother subsequently died, and her mother sought visitation); *Zaffarano v. Genaro,* 500 Pa. 256, 455 A.2d 1180 (1983) (mother

---

1. Nor did we find help in the decisions of other jurisdictions.

deceased, her parents sought partial custody).  Also, by statute this Commonwealth has provided visitation to grandparents under certain circumstances.

■  The "Custody and Grandparents Visitation Act",[2] provides visitation rights to grandparents upon a finding by the court that visitation would be in the best interests of the child.  The Act provides this right only in three circumstances: (1) when a parent is deceased; (2) when parents' marriage is dissolved; and (3) when the child has resided with grandparents for a period of 12 months or more. None of these circumstances exists in the present case and the statute therefore does not provide a cause of action for appellants.

In *Commonwealth ex rel. Williams v. Miller, supra,* this court granted visitation rights to the maternal grandmother of a child whose mother had died and in doing so applied the best interests test urged on us by appellants.  The *Williams* court, though, based its decision in part on the principle that "Except under unusual circumstances, no child should be cut off entirely from one side of the family." *Id.,* 254 Pa.Superior Ct. at 232, 385 A.2d at 995.  True, the court also acknowledged the benefits to a child of having a relationship with his grandparents, but it is important to remember that this observation was made in reference to a child one of whose parents was no longer living.

Furthermore the *Williams* court cautioned that if animosities continued between the father and grandmother resulting in adverse effects to the child, the visitation order might be retracted.

In *Commonwealth ex rel. Zaffarano v. Genaro, supra* our Supreme Court reversed an order of this Court which had granted partial custody rights to the maternal grandparents of a child whose mother had died.  The Supreme

2.  Act of November 5, 1981, P.L. 322, No. 115 § 2; 23 P.S. § 1001 *et seq.*

Court noted with favor the best interests test espoused by our Court in *Williams* and concluded that the trial court had rightfully denied partial custody to the grandparents since to grant such rights would place the child in the middle of an unpleasant and emotionally unsettling situation caused by the animosity between the child's father and grandparents.

In this case the grandparents have asked the court to involve itself in the dispute between them and Patricia's parents. They have not, however, stated a cause of action on which we can grant relief. Even if it were true, as appellant's allege, that it would be in Patricia's best interests to have a relationship with her grandparents, we find no basis for one issuance of such an order.

The cases discussed in this opinion involve situations in which one parent was unable to see that her parents had a chance to get to know their grandchild. The interference by the court was justified by the absence of that parent, who if she were present, could assure access of the child to the grandparents.

Conversely, appellants in the instant appeal would have the court direct parents, both of whom have chosen not to have their children visit the grandparents, to permit such visitation. Nothing in the case or statutory law legitimizes such an intrusion by the courts into family life.

Appellants make no assertion that Patricia's parents have abused or neglected her. In short, they make no allegation that would justify an interference with their decision not to permit visitation, however regrettable that decision may be. Certainly it is unfortunate that the parties cannot maintain an amicable relationship that would permit Patricia to get to know her grandparents. It is not within the purview of the court, however, to intervene in this family matter in which no legal rights are at issue.

We therefore affirm the order of the lower court.