## Pluebell v. Greenaway

*Richard G. Fishman,* for plaintiff.
defendant, pro se.

BROWN, JR., *P.J.*, January 19, 1984—This matter comes before the court upon plaintiffs' complaint for visitation. Plaintiffs are the paternal grandmother and stepgrandfather of two minor children. On December 7, 1983, this court entered a memorandum opinion and order dismissing plaintiffs' complaint. Plaintiffs filed a motion for reconsideration of the court's order of December 7, 1983. The December 7 memorandum opinion and order dismissed the complaint on the basis that plaintiffs do not fall within any of the three categories in which grandparents' visitation is expressly allowed. This court, citing Lindley v. Kowalske, 26 D. & C. 3d 636 (1983), stated that the Custody and Grandparents Visitation Act, 23 P.S. §1001 et seq. (1983), codifies common law grounds for visitation and, therefore, precludes other grounds for visitation.

## DISCUSSION

Plaintiffs urge this court to reconsider its decision of December 7, 1983, in light of two recent appellate cases: Hughes v. Hughes,      Pa. Super.      , 463 A.2d 478 (1983), and Com. ex rel. Zaffarano v. Genaro, 500 Pa. 256, 455 A.2d 1180 (1983). In Hughes, a Pennsylvania Superior Court panel decision, the court held that the Custody and Grandparents Visitation Act did not alter the present state of law, "but merely codified the law which had evolved through various appellate decisions dealing with the rights of grandparents in seeking visitation." Id. at      , 463 A.2d at 480. Hughes emphasized, however, that the "guiding polestar" is the best interests of the child.

In Zaffarano, the Pennsylvania Supreme Court reaffirmed the burden of proof for third parties — including grandparents — when seeking custody or visitation that was set forth in In re: Hernandez, 249 Pa. Super. 274, 376 A.2d 648, 654-55 (1977). Quoting Hernandez, the court stated:

"[I]n a dispute between a parent and a third party, including a relative such as a grandparent, the parent has a prima facie right to custody which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to a third party . . . [cit. omit]. Since visitation is correlative to custody a similar test should apply when a third party seeks visitation, although the burden on the third party should not be so heavy, for an order granting visitation is far less intrusion, or assertion of control than is an award of custody. . . . In a visitation case, the third party need only convince the court that it is in the child's best interest *to give some time* to the third party. (Emphasis supplied)." Id. at 260, 455 A.2d at 1183.

These recent pronouncements of the Pennsylvania appellate courts make it clear that Sections 1012-1014, inclusive, of the Custody and Grandparents Visitation Act are not the ultimate standard that must be met for visitations by grandparents. The ultimate standard is the "best interests of the child." Plaintiffs contend that the three sections might create presumptions favoring custody or visitation in those particular circumstances. However, such presumptions work to defeat an actual determination of what is in a child's best interests. See Zaffarano at 262, 455 A.2d at 1185 (Flaherty, concurring) ("the custody inquiry is best conducted without reference to 'rights' or 'presumptions' . . ."). Therefore, even if a particular factual scenario falls within Sections 1012 through 1014, the "best interests" standard must still be met, as in any other factual scenario. See, e.g., Comm. ex rel. Shee v. Holewski, Pa. Super. , 463 A.2d 480, 483 (1983).

This court is aware of the recent panel decision by the Pennsylvania Superior Court, Herron v. Seizak, Pa. Super. , 468 A.2d 803 (1984). In Herron, both parents were still married to each other and had together chosen not to have their children visit the maternal grandparents. The Superior Court held that no statutory or common law grounds existed upon which to base a complaint for visitation. Id., p. 3. The instant case, however, involves the absence of a parent, who if he were present, could assure access of the child to the grandmother and stepgrandfather. Therefore, Herron is distinguishable upon its facts from this case.

Without going into detail, suffice it to say this court distinguishes the present case from Lindley v. Kowalske, 26 D. & C. 3d 636 (1983), on its facts.

However, to the extent the Lindley decision holds the Custody and Grandparents Visitation Act provides the exclusive standards for grandparents visiting with minor children, we now overrule that holding and hold that custody and visitation petitions shall be determined with regard to the best interests of the child.

## ORDER

And now, this January 19, 1984, it is hereby ordered that this court's memorandum and order in the above captioned matter dated December 7, 1983, is vacated. Plaintiffs' complaint for visitation is reinstated.