### Dietrich v. Dietrich

*Richard L. Orwig,* for plaintiff.
*Peter David Maynard,* for defendant.

SCHMEHL, *J.,* November 12, 1992—This matter comes before the court on defendants' preliminary objections to the plaintiff's complaint.

On August 21, 1992, plaintiff, George Dietrich, filed a petition for grandparent's visitation pursuant to the Custody and Grandparent's Visitation Act, 23 Pa.C.S. §5311, et seq. A hearing in front of the Berks County child custody conference officer was scheduled for September 17, 1992. Defendants, Timothy Dietrich and his wife Pamela Dietrich, filed preliminary objections to plaintiff's complaint and a brief in support of preliminary objections on September 10, 1992. A praecipe for argument on the preliminary objections and affidavit of service for argument court were also filed on September 10. The argument date requested was October 5, 1992.

No brief of argument was filed by plaintiff's counsel. The file for this matter came before the court pursuant to B.R.C.P. 211.5(b), allowing the court to grant, dismiss, or "act upon the matter as the court deems appropriate" if a party fails to file and serve his brief of argument.

Defendants, Timothy and Pamela Dietrich, are the natural parents of two children, a girl four years old, and a boy one year old. Plaintiff, George Dietrich, is the grandfather of the children.

In his petition for grandparent's visitation, plaintiff avers that the defendants have refused him any and all visitation or contact, personal or by telephone, with the children since January 1992, and that the defendants refuse to discuss visitation arrangements with the plaintiff.

Defendants' preliminary objections and brief filed in support of preliminary objections state that the complaint fails to state a cause of action upon which relief may be granted, and that the complaint is not supported by statute or by case law, and in fact the plaintiff does not have a cause of action under case law. Defendants aver that they are both alive, are married to each other, and are not separated. Nothing in plaintiff's complaint states that either party is dead, nor that defendants are separated or divorced.

Plaintiff filed his action under 23 Pa.C.S. §5311, et seq. Section 5311 addresses the issue of grandparent visitation when a parent of an unmarried child is deceased, and thus is not applicable in this case. Section 5312 deals with grandparent partial custody/visitation when the parents' marriage is dissolved or the parents are separated. This section is also inapplicable to the matter before us. Section 5313 addresses grandparent visitation when an unmarried child has resided with the grandparents for 12 months or more and is subsequently removed from the home by his parents. Nothing in the file indicates the children lived with plaintiff, and in fact plaintiff's complaint shows the children have always lived with the parents. "The statutory rights created under sections 5311-5313 provide a means for grandparents or great-grandparents on the non-custodial side to guard against potential estrangement" which might occur after one parent dies, or the parents are separated or divorced and one parent has custody, or after the child has lived with the grandparents for a significant period of time and is then removed by the parents. *Gradwell v. Strausser,* 416 Pa. Super. 118, 610 A.2d 999 (1992).

Here, as in *Herron v. Seizak,* 321 Pa. Super 466, 468 A.2d 803 (1983), the grandparent "would have the court direct parents, both of whom have chosen not to have

their children visit the grandparents, to permit such visitation. Nothing in the case or statutory law legitimizes such an intrusion by the courts into family life." *Herron* at 470, 468 A.2d at 805. Plaintiff has failed to allege anything that would justify an order for visitation.

"It is well established that preliminary objections in the nature of a demurrer should be sustained and a complaint dismissed only in cases which are clear and free from doubt." *Herron* at 468, 468 A.2d at 804, citing *Harkins v. Zamichieli,* 266 Pa. Super 401, 405 A.2d 495 (1979). It is evident that plaintiff has no cause of action under case law or statute, thus the court enters the following

## ORDER

And now, November 12, 1992, the defendants' preliminary objections are sustained and plaintiff's complaint is dismissed.