**Welsh v. Welsh**

*Phillip L. Clark Jr.,* for plaintiff.
*Frank J. Piatek,* for defendants.

PRATT, *J.,* May 17, 1993—Before the court are defendants' filed preliminary objections in the nature of

demurrer and a "motion to dismiss custody complaint and vacate order of court" asserting that plaintiff lacks standing to seek partial custody by his complaint for grandparent's partial custody. Defendants argue that the threshold question of plaintiff's standing must be decided before the custody action can proceed.

For reasons set forth below, the court will sustain defendants' preliminary objections, grant the motion to dismiss plaintiff's complaint and vacate the court's February 8, 1993 order.

## DISCUSSION

Plaintiff, the maternal grandfather, seeks partial custody of his grandson, Dakoda, age 23 months. Defendant, Jennifer Welsh, the plaintiff's daughter and the child's birth mother, currently resides with the child's birth father, defendant Brad Twentier. The defendants are not now, nor have they ever been, legally married to each other. Consequently, Dakoda was born out of wedlock and remains illegitimate.

Grandparents may be awarded visitation and/or partial, custody under the provisions set forth in 23 Pa.C.S. §§5311-13. These statutory provisions provide for grandparent visitation and/or partial custody in three instances: (1) when one parent has died; (2) when the parents are divorced or separated for six months or more; or (3) when the child has lived with the grandparent(s) for a year or more.

In all custody cases, the primary issue of concern is the best interest and permanent welfare of the child. *Com. ex rel. Zaffarano v. Genaro,* 500 Pa. 256, 455 A.2d 1180 (1983).

However, in grandparents' custody cases, before that paramount concern is addressed, the grandparent must

first establish that he or she has standing to seek the relief requested. *Herron v. Seizak,* 321 Pa. Super. 466, 468 A.2d 803 (1983).

Plaintiff, in his brief in support of his standing to seek visitation and/or partial custody of his grandson, argues that the case sub judice is the same as those addressed by 23 Pa.C.S. §5312 where a grandparent or great grandparent of the child may be granted partial custody and/or visitation of the child, if the parents of the child have been divorced or separated for more than six months. Plaintiff argues that there exists no marital relationship between the defendants and, therefore, he may be awarded partial custody of his grandson under 23 Pa.C.S. §5312.

Plaintiff's situation and argument is similar to that advanced in *Bishop v. Piller,* 399 Pa. Super 52, 581 A.2d 670 (1990), in which the paternal grandparent of a child born out of wedlock was granted visitation with the child notwithstanding objections by the natural mother. The court found that the term "separated" was properly applied to the unwed parents and, therefore, 23 Pa.C.S. §5312 was properly used to provide the grandparent with visitation. The focus in *Bishop* was more on the illegitimacy of the child and the court's finding that no distinction should be drawn between the grandparents that would allow one set of grandparents more rights than the other set of grandparents, for both sets share the same biological relationship with the grandchild.

However, more importantly as it relates to the instant case, in *Bishop,* the unwed parents never cohabitated and the court, with some reaching and strained reasoning, was willing to consider the parents "separated." In the case sub judice, the defendants, the unwed parents of the child, have, except for a very brief period of

time, cohabitated since the birth of the child and continue to do so at the time of this action. The parents are not separated, but rather are engaged in an on-going, working relationship. As the *Herron* court concluded, nothing in the case or statutory law legitimizes intrusion by the courts into family life, and that, we believe, remains a valid conclusion whether the family is engaged in a traditional or nontraditional relationship.

As was the court in *Com. ex rel. Zaffarano v. Genaro, supra,* we too are aware of how special the relationship can be between a child and his or her grandparents. Having more than a few adults to love and care for a child can only be viewed as positive and advantageous for all involved. See *Bishop v. Piller, supra.* Still, we must realize that not all relationships are welcomed or supported by a child's birth parent(s). The court certainly cannot force by order the cessation of ill feelings among family members. See *Com. ex rel. Zaffarano v. Genaro, supra.*

Parenthetically, the court notes that sections 5311, 5312 and 5313 of the Domestic Relations Code, 23 Pa.C.S. §§5311, 5312, and 5313 leave unaddressed circumstances that the court in *Bishop, supra,* encountered and that which this court now faces, that is, where a grandparent seeks visitation or partial custody of a child born illegitimately to unwed parents who continue to remain unwed and either are cohabitating or residing apart. The *Bishop* court most probably made the appropriate decision but at the risk of legislating.

This court cannot think of any reason to deny a grandparent his or her day in court in seeking visitation with a grandchild merely because the child was born out of wedlock and the birth parents fail to marry. It is hoped that the Pennsylvania legislature will act upon amending the Domestic Relations Code to accommodate

these situations involving grandparents' visitations with illegitimate grandchildren where natural parents remain unwed.

Therefore, we reluctantly conclude that, given the circumstances as they currently exist in this case, the plaintiff cannot meet the necessary criteria to establish standing to seek visitation and/or partial custody of his grandchild, and we will by an appropriate order grant the defendants' requested relief and dismiss the grandparent plaintiff's complaint for grandparent's partial custody.

## ORDER

In accordance with the accompanying opinion, defendants' preliminary objections are sustained and "motion to dismiss custody complaint and vacate order of court" is granted. Accordingly, plaintiff's complaint for partial custody is dismissed and the court's order of February 8, 1993 is stricken.

## ORDER

The oral argument of the defendant's motion and preliminary objections was erroneously scheduled for October 1, 1993 and is cancelled.