## Schmehl v. Wegelin

*Sharon Gray,* for plaintiffs.
*Gregory Henry,* for defendant Wegelin.

KELLER, *J.,* July 21, 2004—

## STATEMENT OF THE CASE

Mother (Ann Wegelin) and Father (Perry Schmehl) were married on January 4, 1992, in Berks County, Pennsylvania. Two children, Sara A. Schmehl (born 11/6/98) and Samuel C. Schmehl (born 3/17/95), were born of the marriage. By decree dated April 11, 2003, the parties were divorced. On November 13, 2002, the court entered a custody order by which the parties are operating under to this date.

On April 29, 2005, the plaintiffs, paternal grandparents, filed a custody action against Mother, as Mother would not allow the children to visit with paternal Grandparents. On May 5, 2005, Mother filed preliminary objections to Grandparents' custody action. On May 11, 2005, paternal Grandparents filed an amended custody action naming Father as a defendant and the parties agreed he was a necessary party to the suit.

On May 25, 2005, Mother filed a praecipe for argument court, alleging that 23 Pa.C.S. §5312 is unconstitutional, and on the same date filed the required notice to the Attorney General per Pa.R.C.P. 235. On June 27, 2005, the plaintiffs filed their answer and brief in response to Mother's action alleging unconstitutionality of 23 Pa.C.S. §5312. This court set a hearing date for July 11, 2005, on the constitutional challenge, as well as the date for the defendant's petition for special relief, which was unrelated to the constitutional challenge.

After argument heard, and upon review of both plaintiffs' and defendant's briefs, this court entered an order on July 14, 2005, finding that 23 Pa.C.S. §5312 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and dismissed the plaintiffs' complaint for custody.

## CONSTITUTIONALITY OF 23 Pa.C.S. §5312

This court finds that 23 Pa.C.S. §5312 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the United States Constitution guarantees that "no state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection

of the laws." However, the Pennsylvania Supreme Court has stated "[t]he prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, . . . provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation." *Curtis v. Kline,* 542 Pa. 249, 255, 666 A.2d 265, 267-68 (1995). (citations omitted) When that classification burdens a fundamental right, the strict scrutiny test must be applied: the classification must be necessary to a compelling governmental interest.

The statute at issue, deemed the Grandparents Visitation Act, provides three provisions for grandparents' custody and visitation rights:

(a) 23 Pa.C.S. §5311: when a parent is deceased;

(b) 23 Pa.C.S. §5312: when parents' marriage is dissolved or parents are separated; and

(c) 23 Pa.C.S. §5313: when grandparents may petition.

The section of the Act specifically at issue in this case is section 5312, which provides:

"In the proceedings for dissolution, subsequent to the commencement of the proceedings and continuing thereafter or when parents have been separated for six months or more, the court may, upon application of the parent or grandparent of a party, grant reasonable partial custody or visitation rights, or both, to the unmarried child if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between

the parents or grandparents of the party and the child prior to the application."

It is clear that section 5312 of the Grandparents Visitation Act has created a classification: namely a parent who is married and resides with her spouse or is unmarried and lives with their child's parent has unfettered discretion in choosing with whom their children are permitted to associate; however, parents that are separated and/or divorced, do not have this unfettered right and the court system may intervene.

It is also clear that the right to be protected in this case is a fundamental right: "The United States Supreme Court has stated that the right of parents to make decisions about the upbringing of their children is a fundamental right." *Fausey v. Hiller,* 851 A.2d 193, 195 (Pa. Super. 2004). "[I]t cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.,* citing *Troxel v. Granville,* 530 U.S. 57, 67, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). In relation to the Grandparents Visitation Statute at issue, the Superior Court discussed this fundamental right and has found that, when parents are married or are not married, but are living together, grandparents do not have standing to file for partial custody or visitation rights. See *Herron v. Seizak,* 321 Pa. Super. 466, 468 A.2d 803 (1983), and *Welsh v. Welsh,* 21 D.&C.4th 246 (1993).

From the foregoing, then, it becomes clear that the Grandparents Visitation Act creates a classification, and interferes with a parent's fundamental right to determine with whom their children associate. The pertinent question then becomes, is there a compelling governmental

interest that justifies this intervention and classification. This court finds that there is not.

The Superior Court has not yet determined whether 23 Pa.C.S. §5312 is constitutional under the Equal Protection Clause of the Fourteenth Amendment; however, the Pennsylvania Supreme Court and Superior Court have discussed Equal Protection issues of relative importance to the issue at hand.

The Pennsylvania Supreme Court has discussed an Equal Protection issue in terms of whether the legislature had a legitimate interest in treating the children of separated, divorced or unmarried parents differently than children of married parents for purposes of funding their children's college education. See *Curtis v. Kline, supra.* In that case, the statute was struck down as the legislature did not have a legitimate interest in classifying the children as it did.

Unlike our case, where the right to be protected is a fundamental right, the right protected in the *Curtis* case, the right to a college education, is not a fundamental right. In the *Curtis* case, the statute would be upheld "if there is any rational basis for the classification" and in the present matter the statute can be upheld if the "statute is strictly construed in light of a compelling governmental purpose." This is significant in that, although the subject matter is different, the classification in the two cases is similar: intact families are treated differently than separated or divorced parents. The statute creating a classification by permitting the court to order separated or divorced parents to provide equitably for educational costs, where parents of intact families did not have to provide for secondary education, did not withstand a rational basis

test, therefore, the similar statute classification here, permitting the court to order a divorced or separated parent to permit their child(ren) to visit with their grandparents, while intact families can make the decision without court interference, certainly cannot be said to withstand the strict scrutiny test.

The Superior Court has reviewed an Equal Protection issue under the Grandparents Visitation Statute in terms of 23 Pa.C.S. §5311. The Superior Court addressed whether 23 Pa.C.S. §5311 violated the Equal Protection Clause of the Fourteenth Amendment in *Fausey v. Hiller, supra.* In that case, the Superior Court found that section 5311 did not violate the Due Process or the Equal Protection Clause of the Fourteenth Amendment. In *Fausey,* the Superior Court determined that, to the extent section 5311 treats children differently who have lost a parent to death than those children who have not, it is for the "justified and reasonable purpose of protecting a child's emotional well-being and accounting for the potentially different needs of a child whose parent has died." *Fausey, supra* at 198. "The compelling purpose behind section [5311] . . . is to foster the emotional welfare of children. . . . The statute treats children from intact families differently from children who have experienced the death of a parent. That classification makes perfect sense because it is precisely in those cases where the danger of alienation from a grandparent is greatest." *Fausey, supra* at 198, citing trial court opinion at 17.

Our case is significantly different from the case in which a parent dies. This court agrees that, in that situation, there is a compelling governmental interest for the child to continue a relationship with both sets of grandpar-

ents, because, as stated above, without the deceased parent able to provide a connection for their child with their parent, the surviving parent could easily keep the child away from the deceased partner's parent(s). A child in that situation needs as much emotional support as possible from their remaining parent, but also from their grandparents. In our case, both parents are living, and therefore they have the fundamental right to make the determination of whom their children will associate with. This court does not see that a compelling government interest exists to treat separated parents, who are still both alive and still fit to make decisions regarding their children, any differently than two parents that are still together. Although the parents are not together, it does not logically follow that they no longer have the right to make the decisions regarding their children and that state intervention is necessary. Both parents remain and, during periods of their visitation with the children, either parent can provide access to their parents. There is no compelling reason that this court can see for the state to require that Mother give up more of her time with the children so that Father's parents can have their own periods of visitation separate from visitations while Father has custody.

As a result of the foregoing, this court finds that 23 Pa.C.S. §5312 violates the Equal Protection Clause of the Fourteenth Amendment. It has not been established that there is a compelling governmental interest for classifying married parents or parents residing together differently than separated or divorced parents, when the government is clearly interfering with the parents' fundamental right to care, custody and control of their children.