J-S74016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| L.M.B. AND R.B. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.B. AND J.R.B. | : | No. 2261 EDA 2017 |

Appeal from the Order Dated June 14, 2017
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  2017-001326

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 11, 2017**

L.M.B. and R.B. ("Paternal Grandparents") appeal from the order, entered in the Court of Common Pleas of Delaware County, dismissing their complaint seeking visitation with their granddaughter, born 4/2010 ("Child"). After our review, we affirm the trial court's order dismissing the complaint for lack of standing.

Paternal Grandparents filed a complaint against D.B. and J.R.B. ("Parents"), seeking visitation with Child.  Parents are the biological parents of Child, and their marriage is intact.

In their complaint, Paternal Grandparents averred that they provided care and nurturing Child for approximately 3½ years, beginning when Child was six months old, while Parents worked.  Complaint, 2/3/17, at ¶ 6.  During that time, Paternal Grandparents formed a close bond with Child.  Parents ended Paternal Grandparents' almost-daily contact with Child, and they aver

that they are now both ill and "desperately want to see and spend time with [Child] before they pass away." *Id.* at ¶¶ 4, 6, 13; Appellant's Brief, at 7. Paternal Grandparents are no longer married, but, due to his advanced age and health issues, Paternal Grandfather spends considerable time at Paternal Grandmother's home with her and her "common law" husband ("Step Grandfather"). Complaint, *supra* at ¶ 5.

Parents filed preliminary objections to Paternal Grandparents' complaint, citing legal insufficiency, as the complaint failed to plead facts establishing standing, pursuant to 23 Pa.C.S. §§ 5325(1), (2), or (3). *See* Pa.R.C.P. 1915.3(e).[1] The trial court held a hearing on June 13, 2017.

At the hearing, Parents testified that in July 2014, Child made a complaint against Step Grandfather having inappropriate contact with her.[2]

_____

[1] Rule 1915.3(e) states:

> A grandparent who is not in loco parentis to the child and is seeking physical and/or legal custody of a grandchild pursuant to 23 Pa.C.S. § 5323 must plead . . . facts establishing standing under § 5324(3). A grandparent or great-grandparent seeking partial physical custody or supervised physical custody must plead . . . facts establishing standing pursuant to 23 Pa.C.S. § 5325.

Pa.R.C.P. 1915.3(e).

[2] Paternal Grandparents, in accordance with Pa.R.C.P. 1915-3-2, attached a Criminal Record/Abuse History Verification Form, indicating that Step Grandfather had served a five-to-fifteen year sentence relating to a conviction for rape of a minor in 1983. *See* Complaint, *supra*. In their memorandum of law in support of their answer to Parents' preliminary objections, Paternal Grandparents state that the allegations against Step Grandfather with respect

Visitation diminished shortly thereafter. At the time of the hearing, it had been three years since Paternal Grandparents had had contact with Child. Parents acknowledged that when Child was between the ages of six months and four years, Paternal Grandparents babysat for Child in their home when Parents were at work. N.T. Hearing, 6/13/17, at 15-16, 21-24. Mother testified that Paternal Grandparents were "primarily our first go-to, and they did do a wonderful job . . . and I certainly appreciated all of their help until one day [Child] said something very inappropriate and we cut ties - . . . soon after." *Id.* at 24.

On June 14, 2017, the court entered an order granting Parents' preliminary objections and dismissing Paternal Grandparents' complaint. This appeal followed.

Paternal Grandparents raise one issue for our review: Does 23 Pa.C.S. § 5325 violate procedural due process because it is under-inclusive and does not allow Paternal Grandparents to argue their claim for visitation before the court?

_____

to Child were determined to be unfounded after investigation by the Ridley Police Department, the Delaware County Criminal Investigation Detectives, the Delaware County District Attorney's Office, and the Pennsylvania Department of Humans Services of Delaware County. The administrative action brought by Childline was dismissed. *See* Answer to Preliminary Objections, 4/4/17, at 2.

Section 5325 of the Domestic Relations Code explicitly permits a grandparent to seek "visitation." ***R.M. v. J.S.***, 20 A.3d 496, 510 n.12 (Pa. Super. 2011). Section 5325 provides:

> **§ 5325. Standing for partial physical custody and supervised physical custody**
>
> In addition to situations set forth in section 5324[3] (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:
>
> (1)  where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section.
>
> (2)  where the parents of the child [4] have commenced and continued a proceeding to dissolve their marriage; or

---

[3] Section 5324 gives grandparents standing to seek custody in various situations not implicated here, such as where a child has been adjudicated dependent or is at substantial risk of harm from the parents. ***See*** 23 Pa.C.S. § 5324(3).

[4] We have omitted from this quotation a portion of Section 5325(2) that our Supreme Court held unconstitutional in ***D.P. v. G.J.P.***, 146 A.3d 204 (Pa. 2016). In ***D.P.***, ***supra***, the Court found unconstitutional the provision of section 5325(2) that applied to parents who were separated for at least six months, but left intact that portion as to parents who had commenced and continued proceedings to dissolve their marriage. The Court stated that "the fact of a parental separation for six months or more does not render the state's *parens patriae* interest sufficiently pressing to justify potentially disturbing the decision of presumptively fit parents concerning the individuals with whom their minor children should associate." ***Id.*** at 217.

**(3)** when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, **an action must be filed within six months after the removal of the child from the home.**

23 Pa.C.S. § 5325 (emphasis added). We agree with the trial court that Paternal Grandparents have no standing under the statute as none of these situations is applicable here.[5] In fact, Paternal Grandparents concede as much. They claim, however, that section 5325 violates their constitutional right to procedural due process as it is under-inclusive. Paternal Grandparents argue that their circumstance is not recognized, but should be, to enable their claim to move forward. They assert that section 5325(3) violates their due

---

[5] Here, Paternal Grandparents seek to have the court direct Parents, both of whom have chosen not to have Child visit with the Paternal Grandparents, to permit such visitation. "Nothing in the case or statutory law legitimizes such an intrusion by the courts into family life." **Herron v. Seizak**, 468 A.2d 803, 805 (Pa. Super. 1983). This Court will not direct parents, who are living together as an intact family, to allow visitation when they otherwise would not choose to do so. **Herron**, 468 A.2d at 805. The legislature has limited the means for grandparents or great-grandparents "on the non-custodial side to guard against potential estrangement" that might occur after one parent dies, or the parents are divorced, or after the child has lived with the grandparents for a significant period of time and is then removed by the parents. **Gradwell v. Strausser**, 610 A.2d 999, 1004 (Pa. Super. 1992). "Unless dependency proceedings are initiated, 42 Pa.C.S. §§ 6351, 6352, or the parents' rights are involuntarily terminated, 23 Pa.C.S. § 2511, or the child is abused, 23 Pa.C.S. § 6301 et seq., or the grandparents are seeking partial custody or visitation rights and meet the statutory requirements of 23 Pa.C.S. §§ 5311–5313 [repealed, now covered by 23 Pa.C.S. §§ 5324, 5325 and 5328], we are powerless to interfere with this intact family." **Gradwell**, 610 A.2d at 1004-1005.

process rights (and those of similarly situated grandparents) as it is "fundamentally inadequate to vindicate liberty interests" because it limits "avenues to regain wrongfully denied visiting privileges to grandparents[.]" Memorandum of Law, Answer to Preliminary Objections, 4/4/17, at 4; Appellants' Brief, at 13. Specifically, Paternal Grandparents claim that the six-month deadline in the statute does "not comport with the realities of modern life[, as] illness, litigation and other circumstances may render the six-month time limit impossible or impractical." Memorandum of Law, **supra** at 5-6; Appellants' Brief, at 14. Due to their illnesses and the time it took to investigate the sexual abuse allegations (which Paternal Grandparents classify as litigation), Paternal Grandparents argue this unrealistic time frame denies them access to pursue their claim for visitation. Paternal Grandparents also raise an equal protection argument, claiming that section 5325 affords "[g]randparents of children whose parents are divorced . . . or deceased" greater access to the courts." Appellants' Brief, at 16.[6]

Prior to reaching the merits of this claim, however, we must first determine whether Paternal Grandparents have properly preserved it for our review. With respect to a constitutional challenge to a statute, Pennsylvania Rule of Civil Procedure 235 provides:

> In any proceeding in a court subject to [the Pennsylvania Rules of Civil Procedure] in which an Act of Assembly is alleged to be

---

[6] Since Paternal Grandparents challenge the wording of section 5325(3), we view this as a facial challenge to the constitutionality of statute. **See Potts v. Step By Step,** 26 A.3d 1115, 1123 (Pa. Super. 2011).

unconstitutional ... and the Commonwealth is not a party, the party raising the question of constitutionality ... **shall** promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and **shall** file proof of the giving of the notice.

Pa.R.C.P. 235 (emphasis added). **See also** Pa.R.A.P. 521 ("It shall be the duty of a party who draw in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, *and to file proof of service of such notice*.") (emphasis added). Moreover, decisional law of this Commonwealth has recognized that "[f]ailure to provide such notice in a case where the Commonwealth is not a party results in waiver of the constitutional issues." **Potts v. Step By Step, Inc.**, 26 A.3d at 1122 (citing **Adelphia Cablevision Assoc. of Radnor, L.P. v. University City Housing Co**., 755 A.2d 703, 709 (Pa. Super. 2000)); **Kepple v. Fairman Drilling Co**., 615 A.2d 1298, 1303 (Pa. 1992).

After reviewing the record, we find no indication that notice has ever been given to the Attorney General of Pennsylvania, as is required by

Pa.R.C.P. 235 and Pa.R.A.P. 521.[7] We conclude, therefore, that Paternal Grandparents' have waived their constitutional challenge. **See Hill v. Divechhio**, 625 A.2d 642 (Pa. Super. 1993) (mother waived review of constitutional challenges to Grandparent Visitation Act by failing to comply with requirements for challenging constitutionality of statutes in civil case).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017

---

[7] The purpose of this requirement is to give the Attorney General the opportunity to intervene or be heard and place the Commonwealth in a position to obtain review in the Supreme Court of Pennsylvania or the United States Supreme Court. **See** Pa.R.A.P. 521-Note. As such, the fact that the trial court made no mention of the lack of notice to the Attorney General and addressed the claim does not remedy this omission. Moreover, we note that in resolving this claim, the court determined that the protected liberty interest at issue belonged to Parents, not Paternal Grandparents. **See** Trial Court Opinion, **supra** at 9. Even had Paternal Grandparents' properly preserved their constitutional challenges, we would find them meritless. We agree that the protected liberty interest belongs to parents, hence the need for standing statutes for grandparents, 23 Pa.C.S. § 5325, and other third parties. 23 Pa.C.S. § 5324. **See In re Custody of Hernandez**, 376 A.2d 648 (Pa. Super. 1977) (persons other than natural parents are "third parties" for purposes of custody dispute).