Patty L. MALONE, Appellant,

v.

Tisa R. STONEROOK and Joseph D. King, Appellees.

Superior Court of Pennsylvania.

Argued June 17, 2003.
Filed Feb. 27, 2004.

Susan P. Rea, Hollidaysburg, for appellant.

Shawn B. Cohen, Hollidaysburg, for appellee.

Before: HUDOCK, LALLY–GREEN and CAVANAUGH, JJ.

HUDOCK, J.

¶ 1 Patty L. Malone (Grandmother), paternal grandmother, appeals from the order granting the preliminary objections of Tisa R. Stonerook (Mother) and dismissing Grandmother's complaint for partial custody and/or visitation of her grandson, Brandon J. King, on the basis of lack of standing. We find that Grandmother has standing and, as such, reverse and remand

for an evidentiary hearing to determine whether she meets the statutory requirements necessary for partial custody or visitation of the child.

¶ 2 Grandmother is the mother of Joseph D. King (Father). Mother and Father are the parents of the minor child Brandon J. King, born August 17, 1999. The child resided with his biological parents from the date of his birth until June 7, 2000, at which time Mother and Father separated. Mother and Father were never married and have no ongoing relationship. They have participated, however, in custody proceedings and entered into a consent custody order, dated September 21, 2000, which awards primary physical custody of Brandon to Mother and partial physical custody to Father.

¶ 3 On July 29, 2002, Grandmother filed a complaint for partial custody of Brandon pursuant to 23 Pa.C.S.A. section 5312 (entitled, "[w]hen parents' marriage is dissolved or parents are separated"), alleging that "since the separation of the child's parents [she] has been denied the time with her grandson which had previously been enjoyed by her and the child." Grandmother's Complaint, at ¶ 12. She further asserts that "[i]t is in the child's best interest to be permitted to maintain a close relationship with [her]." *Id.* On August 30, 2002, Mother filed preliminary objections to Grandmother's complaint challenging Grandmother's standing to pursue visitation or partial custody of Brandon. Following the parties' filing of briefs in support of their respective positions, the court entered an order on November 1, 2002, holding that Grandmother did not have standing to proceed and, as such, granted Mother's preliminary objections and dismissed Grandmother's complaint. On November 12, 2002, the court granted Grandmother's motion for reconsideration and scheduled oral argument on the matter. Oral argument was held on the motion on December 11, 2002. On December 18, 2002, in an amended order, the court again sustained Mother's preliminary objections and dismissed Grandmother's action. The court reasoned that Grandmother was not entitled to automatic standing by the terms of 23 Pa.C.S.A. section 5312 and that Grandmother had otherwise failed to meet the statutory requirements set forth in that section necessary to confer standing. Specifically, the trial court found that, because the custody agreement between Mother and Father contained a clause which provided that "[d]uring the time periods that the Father has the child, the child is not to be left alone with the paternal grandmother unless an emergency arises[,]" Custody Consent Order, 9/21/00, ¶ 3(D), partial custody or visitation by Grandmother would interfere with the parent-child relationship. Thus, the court concluded that Grandmother had not met the necessary requirements for standing. This appeal followed.

¶ 4 On appeal, Grandmother raises the sole issue of whether "the trial court commit[ted] an error of law in ruling that [Grandmother] did not have standing to seek partial custody of her grandson because it concluded that a provision requiring [Father] to be present during his periods of partial custody demonstrated that granting [Grandmother] partial custody rights would interfere with the parent-child relationship?" Grandmother's Brief at 6 (emphasis deleted). In support of this issue, Grandmother contends that pursuant to 23 Pa.C.S.A. section 5312 a grandparent has automatic standing to pursue partial custody or visitation of a grandchild when the parents are divorced or separated. She argues that the determination as to whether partial custody and/or visitation would be in the best interest of the child and would not interfere with the parent-child relationship is a separate determination from that of standing and should oc-

cur only upon conducting a hearing and receiving testimony on the matter. Conversely, Mother argues, as the trial court found, that section 5312 does not give all grandparents automatic standing, but rather only confers standing to those grandparents who first satisfy the specific requirements set forth in that statute.

¶ 5 Initially, we note our standard for reviewing the trial court's ruling on Mother's preliminary objections and dismissal of Grandmother's complaint is as follows:

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts.

*Martinez v. Baxter,* 725 A.2d 775, 776 (Pa.Super.1999), *affirmed, R.M. v. Baxter,* 565 Pa. 619, 777 A.2d 446 (2001) (citations omitted). Moreover, because the issue on appeal concerns the interpretation of a statute, it is purely a question of law, over which our review is plenary. *R.M.,* 565 Pa. at 624, 777 A.2d at 449.

¶ 6 This case concerns the interpretation of 23 Pa.C.S.A. section 5312, which provides as follows:

### § 5312. When parents' marriage is dissolved or parents are separated

In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter or when parents have been separated for six months or more, the court may, upon application of the parent or grandparent of a party, grant reasonable partial custody or visitation rights, or both, to the unmarried child if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application. 23 Pa.C.S.A. § 5312.[1] "The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823, 825 (1996) "[W]ords and phrases contained in a statute shall be construed according to rules of grammar and according to their common and approved usage." *R.M.,* 565 Pa. at 626, 777 A.2d at 451; 1 Pa.C.S.A. § 1903(a). "When the words of a statute are clear and free from ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* (citing 1 Pa.C.S.A. § 1921(b)).

¶ 7 Our review of the language of section 5312 leads us to conclude that Grandmother's interpretation of the statute is consistent with the plain meaning of the text. The language of section 5312 clearly and unambiguously provides that the grandparents of a child whose parents are divorced, involved in dissolution proceedings or have been separated for six months or more may maintain an action for visitation or partial custody. *See Hill*

---

1. The parties do not dispute that section 5312 allows biological grandparents to seek visitation with a grandchild born out of wedlock where the child's parents' relationship has ended. *Bishop v. Piller,* 399 Pa.Super. 52, 581 A.2d 670 (1990), *affirmed,* 536 Pa. 41, 637 A.2d 976 (1994).

*v. Divecchio,* 425 Pa.Super. 355, 625 A.2d 642, 647 (1993) (finding that unambiguous words of section 5312 which state "upon application of parent or grandparent of party" granted grandmother standing to assert cause of action for visitation and/or partial custody of grandchild). Because Father and Mother have been separated since June 2000, Grandmother has standing to pursue visitation or partial custody of Brandon under section 5312. The remaining language of section 5312, which provides that the trial court may grant partial custody or visitation "if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship," are not elements of standing, but rather are requirements a grandparent with standing must satisfy to prevail on the merits of the custody claim. *See Commonwealth v. Packer,* 568 Pa. 481, 491, 798 A.2d 192, 198 (2002) (providing that, "courts should generally apply qualifying words or phrases to the words immediately preceding them"); 1 Pa.C.S.A. § 1903. Accordingly, the trial court erred when it disregarded the clear language of the statute and found that, because the custody agreement between Mother and Father contained a clause which limited the child's interaction with Grandmother during Father's periods of partial custody, Grandmother did not have standing, as her partial custody or visitation would interfere with the parent-child relationship.[2] While the reasoning behind this provision may be a factor in determining the merits of the custody claim, it does not undermine Grandmother's standing to bring such a claim.[3] Thus, because Grandmother did not have the opportunity to be heard on her application for partial custody, due to the trial court's grant of Mother's prelimi-

---

2. In rendering its decision, the trial court also relied on the United States Supreme Court case of *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), for the proposition that parents have the fundamental right to make decisions concerning the care, custody and control of their children and that courts should not substitute their opinion for that of the parent. We recently had the opportunity to address the applicability of *Troxel* to another section of Pennsylvania's Grandparent Visitation Act, as follows:

In *Troxel* the Supreme Court found the application of a Washington state statute permitting "any person" to petition for visitation impermissibly broad and found that, under the facts of that case, it unconstitutionally infringed on the fundamental right of the parent to make decisions concerning her child. However, the *Troxel* Court cited with approval statutes comparable to 23 Pa.C.S. § 5311 ["When parent deceased"], which do not contain the broad, sweeping language like that in the Washington statute. Moreover, the *Troxel* Court determined the trial court erred by placing the burden on the parent to disprove that the best interests of the child would be served by granting visitation with grandparents.

Here, we emphasize it is the grandparents' burden to demonstrate partial custody or visitation is in the best interest of the children and will not interfere with the parent-child relationship.

*Douglas v. Wright,* 801 A.2d 586, 590–91 n. 1 (Pa.Super.2002). Because the language of sections 5311 and 5312 are strikingly similar, we too find the facts of *Troxel* distinguishable from those in the instant case and, as such, the holding of *Troxel* inapplicable.

3. Moreover, we note that, even assuming that the trial court's interpretation of the statute was correct, we would find that the trial court erred in its speculation that the parties included such a phrase because of their relationship with Grandmother. There is no evidence of record to support this finding. It is equally as likely that such a provision was included in the agreement to dissuade Father from circumventing his responsibilities for the child and leaving the child with Grandmother during his periods of partial custody. Without an evidentiary hearing, the court was without any evidence to make a determination that visitation or partial custody of the child by Grandmother would interfere with the parent-child relationship.

nary objections and the dismissal of Grandmother's complaint, we now reverse the trial court's order and remand for an evidentiary hearing on the merits.

¶ 8 Order reversed; case remanded for proceeding consistent with this opinion. Jurisdiction relinquished.