**Donna LITTLE–STEPP, Appellant**

v.

**Deanna CANCILLA and Daniel Little–Stepp, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 25, 2006.

Filed March 31, 2006.

---

Norma Chase, Pittsburgh, for appellant.

Max A. Levine, Pittsburgh, for Cancilla, appellee.

BEFORE: HUDOCK, MUSMANNO and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Donna Little–Stepp, the adoptive mother of appellee Daniel Little–Stepp, father of the child subject of the underlying complaint in custody filed by appellant, appeals from the July 11, 2005 Order sustaining the preliminary objections of appellee mother, Deanna Cancilla. The Order holds that appellant does not have standing to pursue partial custody of appellees' child, and dismissing appellant's amended petition for partial custody.

¶ 2 The trial court set forth the factual and procedural history of the case as follows:

On January 4, 2005, [appellant] presented a "Petition for Special Relief in the Form of an Emergency Custody Order Pursuant to Pa.R.C.P.1915.13" before honorable Lawrence W. Kaplan. In her Petition, [appellant] alleged as follows:

The [appellees'] minor child and subject of this litigation, Alexia Marie Cancilla, was born on January 10, 2004. [Appellees] were never married and had never lived together. The child had resided with Mother since birth. [Appellee] Daniel Little–Stepp ("Father") had

no involvement in the child's life and, in fact, had never seen the child. [Appellant] averred that she had standing to pursue visitation with the child pursuant to 23 Pa.C.S.A. §§ 5312 and 5313(b) and *Malone v. Stonerook*, 843 A.2d 1278 (Pa.Super.2004).

By Order dated January 4, 2005, Judge Kaplan granted [appellant] leave to file her Complaint for Partial Custody of the minor child. The Order contains a signature by counsel for Mother, indicating that the Motion was unopposed.

On May 27, 2005, Mother presented a "Petition for Rule on Plaintiff to File Amended Partial Custody Complaint" .... In her Petition, Mother alleged as follows:

In the Petition filed on January 4, 2005, [appellant] did not identify her relationship to the minor child as required by Pa.R.C.P.1915.15(a). At a custody conciliation held on May 4, 2005, Mother learned for the first time through discussions between counsel that [appellant] is not the biological mother of Father.

By Order dated May 27, 2005, [the] Court directed [appellant] to file an amended Complaint for Partial Custody within twenty (20) days in conformity with Pa.R.C.P.1915.15. On May 31, 2005, [appellant] filed an Amended Petition in which she identified herself as the "adoptive mother" of Father and the "adoptive paternal grandmother" of the minor child.

On June 15, 2005, Mother filed Preliminary Objections asserting that [appellant] did not have standing to pursue partial custody of the minor child because the term "grandparents" as used in 23 Pa.C.S.A. § 5312 has been defined by case law to mean "biological grandparents." Accordingly, Mother requested that [appellant's] Petition for Partial Custody be dismissed. In the alternative, Mother requested that [the] Court continue this case generally while awaiting the Pennsylvania Supreme Court's disposition of the pending case *K.B., II v. C.B.F.*, No. 1 WAP 2004 (Pa. argued September 20, 2004).[1]

Following argument on July 8, 2005, [the] Court sustained Mother's Preliminary Objections by Order dated July 11, 2005. On July 29, 2005, [appellant] presented a motion for reconsideration ... which was denied by Order of the same date. [Appellant] filed a Notice of Appeal on August 11, 2005....

---

[1] [The] Court ultimately determined that it was unnecessary to delay the disposition of Mother's Preliminary Objections [as it found that] under the law as it stands, [appellant] does not have standing because the term "grandparent" as used in 23 Pa.C.S.A. § 5312 has been interpreted by the Superior Court to mean "biological grandparent." [We note that the Pennsylvania Supreme Court dismissed the appeal in *K.B. II* as being improvidently granted. *See K.B. II v. C.B.F.*, 584 Pa. 538, 885 A.2d 983 (2005).]

Trial Court Opinion, Wecht, J., 9/8/2005, at 1–3.

¶ 3 The court found that of the three sections of the Grandparent Visitation Act, 23 Pa.C.S.A. § 5311–13, which set forth the standing requirements for grandparents to pursue custody of a grandchild, only section 5312, **When parents' marriage is dissolved or parents are separated**, was applicable.[1] Upon examination of

---

1. The court noted that section 5311, **When parent deceased**, provides standing to a grandparent where one parent has died; section 5313, **When grandparents may petition**, (a) **Partial custody and visitation**, provides standing where the child had lived with the grandparent for a period of 12 months or more before being removed by the parent; and section 5313(b), **Physical and legal custody**, provides standing where the grandparent

extant case law, the court concluded that on three occasions, this Court interpreted the term "grandparent" in section 5312 to mean only a *biological* grandparent. Trial Court Opinion, at 4–5, *citing Malone v. Stonerook*, 843 A.2d 1278 (Pa.Super.2004); *Bishop v. Piller*, 399 Pa.Super. 52, 581 A.2d 670 (1990); and *Rigler v. Treen*, 442 Pa.Super. 533, 660 A.2d 111 (1995). Believing it was constrained by these determinations, the court granted appellee mother's preliminary objections and dismissed appellant's complaint. Trial Court Opinion, at 5. In this timely appeal, appellant raises one issue for our review: Do adoptive grandparents have standing to seek custody or visitation under the Grandparent Visitation Act? Appellant's brief at 2.

¶ 4 We begin by setting forth the principles of law applicable to our review.

Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts.

*Malone* at 1280, *quoting Martinez v. Baxter*, 725 A.2d 775, 776 (Pa.Super.1999). Moreover, this appeal concerns one issue, the interpretation of a statute, section 5312. As such, it involves purely a question of law, over which we exercise plenary review. *See Malone* at 1280.

¶ 5 Section 5312 of the Grandparent Visitation Act (the Act) provides

In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter or when parents have been separated for six months or more, the court may, upon application of the parent *or grandparent* of a party, grant reasonable partial custody or visitation rights, or both, to the unmarried child if it finds that visitation rights or partial custody, or both, would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application.

23 Pa.C.S.A. § 5312 (emphasis supplied).

¶ 6 We are guided by our Supreme Court's recent decision in *Peters v. Costello*, ─── Pa. ───, 891 A.2d 705 (2005), in which the Court concluded " 'non-biological grandparents' who stand *in loco parentis* to one of the parents of a child with respect to whom they seek grandparental visitation rights, and who otherwise qualify to seek partial custody/visitation, have standing to seek visitation under the Grandparent Visitation Act, 23 Pa.C.S. §§ 5311–13(the "Act")." 891 A.2d at 706. Based upon the holding of *Peters*, it follows that the adoptive parent of one of the parents of a child with respect to whom the adoptive parent is seeking grandparental visitation rights has standing under the Act. A reading of *Peters* makes clear that the parties and the Supreme Court presumed that under the law, the status of biological and adoptive grandparents is equivalent. The lone dissent in *Peters*,

is seeking physical and legal custody of the child, rather than partial custody and visitation as appellant here seeks. Thus, the court

concluded the only section applicable here was section 5312, **When parents' marriage is dissolved or parents are separated**.

which rejected the majority's holding that "grandparent" included those who acted *in loco parentis* to the child's parent, stated "[t]he traditional, common, clear, and time-honored definition of "grandparent" is the parent of one's parent. That is achieved one of two ways: biologically or through adoption." *Peters*, (Eakin, J., Dissenting Opinion, at 716). Moreover, in construing the term "grandparent," under the Act, the majority looked to the "common and approved usage." *Id., citing* 1 Pa.C.S. § 1903(a), **Words and phrases**. It considered the definition of "grandparent" in Webster's Third New International Dictionary (2002), 988, is "a parent's parent." The definition of parent in the same dictionary is "1a: one that begets or brings forth offspring: Father, Mother; b[law] (1): **a lawful parent** (2): a person standing *in loco parentis* although not a natural parent..." *Peters*, at 713, *citing* Webster's at 1641 (emphasis supplied). Certainly, it is beyond question that an adoptive parent is a lawful parent. The Court went on to effectively agree with the appellant's concession "in equating adoptive grandparental status with biological grandparental status," that "there are instances in the law where non-biological family status has the same legal effect as biological status." *Peters*, at 713. The Court explicitly stated that *"in loco parentis* relationships, *like adoptive relationships*, have a settled place in the law as well, *and generate equivalent parental rights and responsibilities."* *Id.*, (emphasis supplied).

¶ 7 Based on the holding in *Peters*, we find that adoptive parents to one of the parents of a child with respect to whom they seek grandparental visitation rights, and who otherwise qualify to seek partial custody/visitation, have standing to seek custody/visitation under the Grandparent Visitation Act.[2]

¶ 8 Order reversed; case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

---

**2.** We note that "[m]ere grandparental status alone" does not confer standing under the Act. *See Peters*. One must meet the other requirements of the specific section upon which one is relying for standing. For instance, section 5312, *supra*, requires that the parents' marriage be dissolved or they are separated. The parents in this case were never married. Although this was not raised as an issue here, we note that in *Malone v. Stonerook*, 843 A.2d 1278 (Pa.Super.2004), this Court found that the biological paternal grandmother had standing under section 5312 in a case where the parents of the child at issue were never married and had no ongoing relationship. We found that the parties were "separated."